# McDaniel *v.* Highland Avenue & Belt Railroad Co.

*Action for Damages against Railroad Company, for Personal Injuries.*

1. *Employment of brakeman or switchman by conductor.*—A conductor in charge of a train has implied authority, in a case of unforeseen emergency, to employ a brakeman, or switchman; but a mere direction or order, given to a person on the train, to do a single act, as to turn a single switch, no necessity or emergency being shown, does not establish an employment.

2. *Contributory negligence of passenger going from car to engine.*—A person who is employed by a railroad company as a day-laborer, reporting daily for service, and subject to call, but allowed to attend to other business when not needed for the day, and who gets on a train for his own purposes when "off duty," occupies the position of a passenger, and not of an employee; and he is guilty of contributory neg-

[McDaniel v. Highland Avenue & Belt R. R. Co.]

ligence in going from the coach to the engine for the purpose of getting water, which bars a recovery of damages on account of personal injuries sustained by falling between the engine and the coach on his return, although his fall may have been caused by a defective brake, which he caught hold of, or by the negligence of the engineer in applying the air-brakes suddenly.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. E. T. TALIAFERRO, as special judge.

This action was brought by C. D. McDaniel, to recover damages for personal injuries sustained by him by falling between the coach and the engine while on one of the defendant's trains. "On the trial," as the bill of exceptions states, "the plaintiff testified in his own behalf, that he was employed by the defendant about November 1st, 1887, as a day-laborer, as fireman and switchman, and reported daily for service, and was allowed to attend to other business when not needed for the day, subject to the call of defendant; that he served as such day-laborer up the 31st Jan., 1888; that on that day, being off duty, he boarded one of the defendant's trains at Lake-View, and was ordered by Sam. Courson, the conductor in charge thereof, to turn the switch at Cox's Station, between Lake-View and Birmingham; that said conductor had frequently before that time ordered him to turn switches, and to assist in conducting defendant's train, while he was off duty, and he had complied with such orders. Plaintiff testified, also, that Cox's Station was on a curve, and the switch was in the center of 19th street, a public highway, and on a sharp curve on said railroad; that the track was rough, and the train approached the switch at a rapid rate of speed; that he was [went?] on the engine to get water, there being none on the coaches, and attempted to pass from the tender to the platform of the coach, there being no steps on the engine for him to descend by; that he grasped the brake with his hand, and, as he did so, the engineer suddenly and negligently threw on the air-brakes; that the brake was loose, and the suddenness of the jerking, and the turning of the brake, caused him to fall between the engine and the car, and the car-wheels passed over his leg, fractured his skull, and otherwise injured him; that the structure of said engine was such that it was necessary to pass over the iron railing to enter the coach, and there were no steps provided at the back section of said engine; and that no signals were given on approaching said station." Courson, the conductor of the train, also testified on behalf of the plaintiff, "that plaintiff was an extra fireman and switchman, off duty that day; that he boarded the engine at Lake-View, and rode to the station where he was hurt; that he

(witness) did not remember whether or not · he gave plaintiff direct orders to turn the switch on that trip, but had given him such orders on similar occasions, and never collected fare of him, he being considered an extra, and that the turning of the switch was in the line of his duty when on duty. Witness further stated, that he had no authority from the company to employ any one." One Bradford, a witness for the defendant, who was a clerk in the office of the superintendent, testified "that said Courson had no authority from the company to employ any one; that plaintiff was not, on the day he was hurt, employed by the defendant in any capacity—he was an .extra, which meant that he held himself in readiness to perform service when called on by defendant."

This being "substantially all the evidence," the court charged the jury, on request, that they must find for the defendant, if they believed the evidence. The plaintiff excepted to this charge, and he here assigns it as error.

DICKEY & GILLESPIE, for appellant.

A. T. LONDON, contra.

CLOPTON, J.—In the first count of the complaint, plaintiff sues in the capacity of employè, and in the second, as a passenger. Assuming the facts as testified by himself, he is not entitled to recover under either count. The first avers, that being employed by defendant as switchman, he was injured by the carelessness and negligence of the engineer, and in consequence of defective machinery, while passing from the engine to the platform of the car, for the purpose of alighting to turn the switch, "as was his duty then and there in the line of his employment." The controlling facts, as far as applicable to this count, are, that he was employed by defendant about November 1st, 1887, as a day-laborer, as fireman and switchman, reporting daily for service, and when not needed for the day was allowed to attend to other business, subject to the call of defendant. That he was not employed on the day of the injury, other than by the conductor as hereinafter stated, is not controverted; to use his own language, he was "off duty." On that day, January 31, 1888, he boarded a train of defendant at Lake-View, of his own accord, and, after getting on the train, was ordered by the conductor to turn the switch at Cox's station, between Lake-View and Birmingham. Both the conductor and the clerk of the superintendent of the company testified, that the former had no authority to employ plaintiff, or any other person; therefore, whether

[McDaniel v. Highland Avenue & Belt R. R. Co.]

plaintiff was employed, depends upon the implied authority of the conductor. In *Ga. Pac. Railway Co. v. Propst*, 83 Ala. 518; s. c., 85 Ala. 203, it was ruled that as, in an emergency, discretion and authority to supply the places of disabled and missing servants must reside in some officer or agent of the corporation, and as no one could exercise this power as well, or as prudently, as the conductor in charge of the train, his authority will be implied. But it was also held, that the employment, to bind the company, must come within the scope of his agency, or implied power; and that an order or direction to do a single act, such as to turn a single switch, will not constitute an employment binding the company. Authority to supplement temporarily the number of servants employed and supplied by the corporation, will not be implied in the absence of some unforeseen or unexpected emergency. There is nothing in the evidence tending to show any necessity to employ plaintiff as a switchman, or that he was brought under the control, or subject to the orders of the conductor, or that he occupied any relation to the company other than that of a passenger. The mere direction to turn the switch was not within the scope of the conductor's authority, or in the discharge of his duties, and would not have fastened a liability on the defendant, had plaintiff been injured while attempting to obey the order, which was not the case.

The circumstances under which plaintiff was injured, were as follows: There being no water in the coach, he went to the engine to get some. In attempting to pass from the tender to the platform of the coach, he grasped the brake, which was loose, and as he did so, the engineer suddenly turned on the air-brakes. The suddenness of the jerk, and turning of the brake, caused him to fall between the engine and the car. He knew that, there being no steps to the engine, it was necessary to pass over the iron railing to enter the coach; the train was on a sharp curve, and approaching the switch at a rapid rate of speed. To say nothing of his going to the engine, where neither necessity nor duty called him, in attempting to return to the coach while the train was in rapid motion on a sharp curve, he negligently, it may be said recklessly, exposed himself to an obvious danger, and in consequence was injured. Under the circumstances, though the engineer may have been negligent in the management of the train, or the company in furnishing defective machinery, plaintiff's negligence contributing to his injury is a complete defense. Had he remained in the coach, or on the engine, he would not have been injured. The undisputed facts and uncontradicted evidence, free from adverse inferences, establish contributory negligence

on the part of the plaintiff; and the court was justified in giving, on the written request of defendant, the affirmative charge.

Affirmed.

