# Louisville & Nashville Railroad Co. v. Markee, Admrx.

*Action for Damages against Railroad Company, by Administratrix of deceased Employé.*

1. *Sufficiency of complaint in averments of negligence.*—In an action for damages against a railroad company, by the administratrix of an employé, a section foreman, who was run over and killed by one of defendant's trains, at the end of a cut, where there was a curve in the track, a complaint is sufficient, which, in one count, avers that the engineer in charge of the engine drawing said train "ran said engine without due care and negligently through said cut and around said curve and on" plaintiff's intestate, and that his death "was the result of the negligence of said engineer;" and in the other count alleges that said engineer failed to check or stop the engine in time for plaintiff's intestate to get off defendant's track, and that "said failure to so check or stop said train was caused by reason of a defect in said engine and the brakes on said train."

2. *Plea of contributory negligence; when too general.*—In an action by an administrator against a railroad company to recover damages for the alleged negligent killing of plaintiff's intestate, an employé of defendant, a plea of contributory negligence which avers that "the plaintiff's intestate himself was guilty of negligence in and about the way he was discharging his alleged duties, which negligence contributed proximately to his alleged injuries," is too general; such a plea should aver the facts constituting the contributory negligence interposed as a defense.

3. *Complaint averring simple negligence; evidence of reckless, wanton*

[Louisville & Nashville Railroad Co. v. Markee, Admrx.]

*or willful negligence not admissible under such complaint.*—Under a complaint averring only simple negligence on the part of defendant, evidence of willful injury, or of such reckless or wanton negligence as to be the equivalent of willful or intentional wrong on the part of defendant, is inadmissible. (The following and other cases stating a contrary doctrine, in so far as the question was properly presented and the rule declared conflicts with the principle here announced, are overruled: *L. & N. R. R. Co. v. Hurt,* 101 Ala. 34; *L. & N. R. R. Co. v. Webb,* 97 Ala. 308; *S. & W. R R Co. v. Meadors,* 95 Ala. 137; *M. & O. R. R. Co. v. George,* 94 Ala. 199; *Ensley Railway Co. v. Chewning,* 93 Ala. 24; *L. & N. R. R. Co. v. Trammell,* 93 Ala. 350; *Ga. Pac Railway Co. v. Lee,* 92 Ala. 262; *E. T., V. & G. R. R. Co. v Korneyay,* 92 Ala. 230; *H. A. & B. R. R. Co. v. Sampson,* 91 Ala. 560; *L. & N. R. R. Co. v. Webb,* 90 Ala. 185; *L. & N R. R. Co. v. Watson,* 90 Ala. 68; *Ga. Pac. Railway Co. v. O'Shields,* 90 Ala. 29; *M. & C. R. R. Co. v. Womack,* 84 Ala. 149; *Frazier v. S. & N. Ala. R. R. Co.,* 81 Ala. 185; *Tanner v. L. & N. R. R. Co.,* 60 Ala. 621.)

4    *Same; where issue joined on plea of contributory negligence, if sustained, recovery can not be had for wanton, reckless or willful negligence.*— Where a complaint avers only simple negligence, and issue is joined on a plea of contributory negligence, which plea is sustained by the evidence, the plaintiff is not entitled to recover, notwithstanding defendant may have been guilty of wanton, reckless or willful negligence; a cause of action for such negligence on the part of defendant not having been counted upon, and proof of such negligence on the part of defendant being inadmissible under such a complaint and issue. (The cases cited in the above head-note, and others, stating a contrary doctrine, in so far as the question was properly presented and the rule declared conflicts with the principle here announced, are overruled.)

5.    *Negligence of engineer, after discovering person on track.*—Wherein an action against a railroad company to recover damages for injuries resulting in death, the plaintiff counts upon the alleged negligence of the engineer on the train which inflicted the injuries, and it is shown that said engineer, as soon as he discovered plaintiff's intestate on the track, gave the alarm of danger, and adopted the means he believed to be the best adapted to stop the train, by first putting on the brakes and then reversing the engine, and in good faith did all he could to prevent the collision, such engineer was not guilty of intentional injury, or of such wanton or reckless negligence as to be the equivalent of willful wrong; and this is true, notwithstanding there may have been other evidence that the most effective way to stop the train was by first reversing the engine and then applying the brakes.

6.    *Same.*—Where, on account of the speed of a train, its load, the down grade, and other circumstances attending a collision, which resulted in the death of a person who was on the track, no preventive effort could have averted the collision, after the discovery of such person, the engineer is not chargeable with either simple or willful

11

or wanton negligence, for a failure of duty that may have arisen after the discovery of such person's peril.

7. *Statutory regulation as to blowing whistle at public road crossing.*— The statutory provision requiring an engineer of a moving locomotive or train of cars, to blow the whistle or ring the bell on approaching a public road crossing (Code, § 1144), is intended for the protection of persons who are approaching or crossing the railroad track; and an administrator of an employé of a railroad company, who sues said company to recover damages for the alleged negligent killing of his intestate, can not complain of the failure of the engineer on the train of defendant that inflicted the injuries to blow the whistle when approaching a public road crossing one-half mile distant from where the injury occurred, since the defendant owed plaintiff's intestate no duty to blow the whistle at such crossing.

8. *Negligence of engineer in not blowing whistle when entering curve.*— Where an employé of a railroad company is killed by being run over by a train of said company just after it had emerged from a cut and curve in the road, the failure of the engineer to blow the whistle before reaching said cut and curve, as he was required to do by the rules of the company, he having no knowledge of the presence of the decedent, is simple, and not willful or wanton, negligence.

9. *Contributory negligence of section foreman, in failing to put out flags or danger signal.*—Where, in an action against a railroad company by the administrator of a section foreman of said railroad for the alleged negligent killing of plaintiff's intestate, resulting from a collision at the end of a curve between one of defendant's trains and a hand-car, on which deceased was riding, it is shown that the rules of the defendant company required its section foremen to use the utmost care in running their hand-cars over the road, and that curves should be flagged, and a constant look-out kept, that deceased knew these rules, but failed to put out a flag at the curve, and that if the curve had been flagged the engineer would have had time and space within which to stop the train before reaching the point of collison, the plaintiff's intestate was guilty of contributory negligence.

10. *Not error for court not to charge on effect of evidence.*—A trial court can not be put in error for not charging, *ex mero motu*, upon the effect of the evidence introduced.

11. *Action against a railroad for killing an employé; measure of damages.*—In an action against a railroad company for alleged negligent killing of an employé, brought by the decedent's widow as administratrix of his estate, where it is shown that deceased left a wife and two children, and that it took all of his wages to support himself and family, the damages recoverable are limited to the pecuniary loss or injury sustained by the person for whose benefit the recovery enures, which involves the dependent relationship of such persons for support and maintenance and the amount of wages received by the deceased at the time of his death.

12. *Abstract and misleading charges* to the jury should not be given.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was an action brought by the appellee, Annie E. Markee, as administratrix of the estate of John S. Markee, deceased, against the Louisville & Nashville Railroad Company; and sought to recover damages sustained by the death of plaintiff's intestate, which was alleged to have been caused by the negligence of the defendant.

The complaint, as originally filed, contained three counts. On motion of the plaintiff the second count was stricken out. The first count of the complaint, after alleging the existence of the corporation as a common carrier, and the duties incident thereto, and the employment of the plaintiff's intestate by the defendant as a section foreman, and the running by the defendant of an extra freight train, then alleged the negligence complained of in the following language: "The plaintiff avers that the engineer in charge of said freight engine, and who, as plaintiff alleges, was in the service of defendant, ran said engine without due care, and negligently, through said cut and around said curve, and on the said John S. Markee, and then and there, on, to-wit, October 1, 1891, killed him, and that, as plaintiff avers, the death of said John S. Markee was the result of the negligence of said engineer." The third count of the complaint, after averring in its primary allegations that it was the duty of the defendant to use due care and diligence, and have the engine which drew the freight train, and which caused the accident in the present case, in a reasonably safe condition, so that it could be easily controlled by the engineer in charge of the same, alleged the negligence in the following language: "And the plaintiff avers that the engineer, who was then in charge of said engine, failed to check or stop said engine so as to enable said John S. Markee to get off said defendant's track; and that, as plaintiff avers, said failure to so check or stop said train was caused by reason of a defect in said engine and the brakes on said train." There were demurrers interposed by the defendant to each of these counts of the complaint, the principal grounds of which were, that the averments of negligence in each of the counts were too uncertain and indefinite. These several demurrers were overruled, to which the defendant separately excepted. The defendant pleaded the general issue, and by several special pleas, the contributory negligence of the plaintiff. The

first plea of contributory negligence was in the following language : "The defendant, for further answer to the complaint, says that the plaintiff's intestate himself was guilty of negligence in and about the way he was discharging his alleged duties, which negligence contributed proximately to his alleged injuries." To this plea the defendant demurred on the ground, that it failed to show any acts by the plaintiff or other facts which constituted the contributory negligence averred in said plea. This demurrer was sustained. The remaining pleas, wherein the defendant set up contributory negligence, averred the facts on which the defendant relied to show such contributory negligence ; and the demurrers thereto were overruled.

The facts of the case, as shown by the evidence, are sufficiently stated in the opinion.

The court, in its oral charge to the jury, among other things, instructed them as follows : "You have heard the rules which have been admitted in evidence read, and it will be a question for the jury to determine whether the intestate was guilty of negligence in a violation of those rules." The defendant duly excepted to this portion of the court's oral charge, and also separately excepted to the part of the general charge copied in the opinion and to the following additional portion of the court's oral charge to the jury : "It would be for the jury to judge of the conduct of the intestate and say whether or not, in view of all the circumstances, he contributed to his own death by his own negligence or want of due care."

At the request of the plaintiff the court gave the following written charge to the jury : "Plaintiff's intestate assumed the risk incident to the service in which he was employed, yet if the injuries resulted from superadded risk, occasioned by the negligence of the engineer in charge of the engine that did the killing, he could recover unless he in some way contributed proximately to the injury by a failure to exercise such reasonable care as the occasion required." The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following written charges requested by it : (1.) "If the jury find for the plaintiff, they can only assess nominal damages." (2.) "A mere failure on the part of the engineer of the

defendant to use the utmost expedition or to select the most effectual means to stop his train, after he discovered the peril of the intestate, would not constitute willful, wanton or intentional negligence, which would overcome the intestate's contributory negligence, if the jury find from the evidence that he was guilty of contributory negligence, unless the jury believe that such failure evinced on the part of the defendant's engineer a willingness to inflict the injury complained of." (3.) "If the jury believe from the evidence in this case that the more effectual means for stopping defendant's train would be to first reverse the engine and then apply the brake, and if the jury further believe from the evidence that the defendant's engineer first applied the brake and then reversed the engine, and if the jury further believe from the evidence that the defendant's engineer in good faith believed that the more effectual means to stop the engine was to first apply the brake and then reverse the engine, then the jury cannot find that the defendant's engineer was guilty of willful, wanton or intentional negligence in first applying the brake and then reversing the engine." (5.) "If the jury believe the evidence in this case, they must find that no preventive effort upon the part of defendant's servants in charge of the train would have availed to prevent the intestate's death, after his peril became manifest to them." (6.) "It was the duty of the plaintiff's intestate, under the evidence in this case, to protect his hand-car while it was being operated on the track of the defendant from extra trains of defendant on said track, and the defendant owed plaintiff's intestate no duty to warn him of the approach of such train until his presence on the hand-car on the track was discovered by defendant's servants on its train." (7.) "It was not the duty of the defendant's servants to give the plaintiff's intestate any notice of the approach of the extra train, which struck the hand-car he was operating, until defendant's servants discovered, or would by the exercise of reasonable diligence have discovered, the presence of the hand-car on the track." (8.) "It was not the duty of the defendant's servants to give the plaintiff's intestate any notice of the approach of the extra train, which struck the hand-car he was operating, until defendant's servants discovered the presence of the hand-car on the

track." (9.) "It was not a duty which the defendant owed plaintiff's intestate to blow the engine whistle at the whistle post north of the public road crossing, which was north of the curve." (10.) "The jury cannot find from the evidence that the defendant was guilty of willful, wanton or intentional negligence." (11.) "If the jury believe the evidence, they must find for the defendant under the first count." There was judgment for plaintiff, assessing her damages at $3,000.

On this appeal, prosecuted by the defendant, there is assigned as error the overruling of the defendant's demurrer to the first and third counts of the complaint, the sustaining of the plaintiff's demurrer to the first plea of contributory negligence, and the giving and refusing of the several charges.

J. M. FALKNER and HEWITT, WALKER & PORTER, for appellant.—The rule of practice announced in the case of *L. & N. R. R. Co. v. Webb*, 97 Ala. 308, which authorizes the introduction in evidence of reckless, wanton and willful negligence on the part of defendant, under a complaint alleging only simple negligence, and that a recovery may be had upon such proof, although the evidence sustains a plea of contributory negligence, is wrong. The doctrine announced in the case of *Tanner v. L. & N. R. R. Co.*, 60 Ala. 641, and maintained in the authorities supporting that decision, is both wise and humane, and is sound beyond any question. The application of this principle, however, in cases where only simple negligence is averred, has led to confusion and trouble.

The object of a complaint is to inform the defendant, and give him notice of what he will have to defend against, and to present an issue on the part of the plaintiff which is to be answered by the pleas of the defendant; and the issue thus made up is to be tried by the jury. If a plaintiff, upon a defendant filing a plea of contributory negligence to a complaint charging only simple negligence, was to file a replication averring reckless, wanton, or willful negligence on the part of the defendant, or, in other words, averring that after the discovery of plaintiff's peril, the defendant failed to use all the means known to skillful engineers to avoid injuring plaintiff, this replication would unquestionably

be demurrable, for the reason that it is a departure from
the complaint, and introduces new issues before the
jury.   If, then, a replication setting up other new mat-
ter would be a departure from a sound rule of pleading,
certainly a rule which allows a plaintiff to offer testi-
mony in relation to matters not charged in the complaint
would be equally unsound.   For, by so doing, he recov-
ers on a cause of action not stated in the pleadings, and
to which the pleas of defendant, on which plaintiff has
taken issue, would be no answer at all, although absolute-
ly sustained by the proof.

If when a case charging simple negligence on the part
of the defendant was called for trial, a plaintiff should
offer to amend his complaint by charging willful, wan-
ton, or intentional wrong on the part of the defendant,
the defendant might well say that he was taken by sur-
prise, and claim a continuance on account of such
amendment, for the reason that he had prepared to de-
fend himself against a charge of simple negligence only,
and, therefore, was not prepared to meet a case where
willful, wanton, or intentional wrong was averred.   And
yet, under the rule laid down in the *Webb Case*, and au-
thorities sustaining it, the defendant has no notice of
any such intention on the part of the plaintiff until evi-
dence is offered, notwithstanding issue is joined, and
the case has gone to the jury upon charges averring
simple negligence only.

Appellant insists that this trouble arises from a de-
parture from the sound rules of pleading, requiring the
plaintiff to state his case in his complaint, and holding
him to proof of his case as alleged therein.   It is im-
possible, under such circumstances, that the rule can
prevail which says *"the allegata and probata must corre-
spond."*   Appellant insists that no wise reason can be
given why a plaintiff shall not be required to state his
cause in his complaint, and be held on the trial thereof
to the terms of his complaint.

In fact the appellant insists that the rule above re-
ferred to is an isolated one, is not authorized by the
common law rules of pleading, nor by the statutes of Ala-
bama, and is not followed in any other class of cases than
in personal injury suits, and there can be no good reason
why the rules of pleading in such matters should not be
uniform and applicable to all classes of cases.   No au-

thority need be cited in support of this proposition than section 2664 of the Code of Alabama, which is in the following language, to-wit : "All pleadings must be as brief as is consistent with perspicuity, and the presentation of the facts, or *matter to be put in issue*, in an intelligible form. No objection can be allowed for defect in form, if facts are so presented that a material issue in law or fact can be taken by the adverse party thereon." 1 Greenleaf on Evidence, section 51, p. 82 and section 52, p. 85.

BULGER & ALTMAN, *contra*, cited *L. & N. R. R. Co. v. Webb*, 97 Ala. 308 ; *L. & N. R. R. Co. v. Trammell*, 93 Ala. 350 ; *Ga. Pac. Railway Co. v. Lee*, 92 Ala. 262.

COLEMAN, J.—This is an action, under the Employers' Liability Act, to recover damages sustained by the death of plaintiff's intestate, averred to have been caused by the negligence of the defendant railroad company. The case was tried upon two counts. The first count charges, that the engineer in charge of the engine, "ran said engine without due care and negligently through said cut and around said curve and on the said John S. Markee," &c., and that his death "was the result of the negligence of said engineer." The other count charges a defect in the ways, works and machinery. The real contest was upon the first count.

Under former decisions of this court, the complaint was sufficient, and the court did not err in overruling a demurrer to the first or third count of the complaint.— *S. & N. Ala. R. R. Co. v. Thompson & Garner*, 62 Ala. 494 ; *Leach v. Bush*, 57 Ala. 145 ; *Ensley Railway Co. v. Chewning*, 93 Ala. 24 ; *M. & O. R. R. Co. v. George*, 94 Ala. 199 ; *S. & W. R. R. Co. v. Meadors*, 95 Ala. 137.

The defendant pleaded the general issue, and also several pleas setting up contributory negligence as a defense. The first plea of contributory negligence was too general, and the demurrer to it was properly sustained. *Tenn. C. I. & R. R. Co. v. Herndon*, 100 Ala. 451. The trial proceeded upon issue joined upon the plea of the general issue, and the pleas of contributory negligence. After the close of the evidence, the court, among other charges, instructed the jury, as matter of law, the plaintiff was guilty of contributory negligence. For the de-

[Louisville & Nashville Railroad Co. v. Markee, Admrx.]

fense it is contended, that under the instructions of the court, holding as matter of law that the plea of contributory negligence was sustained, the defendant was entitled to a verdict, and this on the principle often decided, that when issue has been joined upon a plea, even though it be an insufficient plea, the defendant has the right to support it by evidence, and if sustained, he is entitled to a verdict.—*Memphis & Charleston R. R. Co. v. Graham*, 94 Ala. 545; *Farrow v. Andrews*, 69 Ala. 97; *Mudge v. Treat*, 57 Ala. 1.

On the other hand, it is contended by the plaintiff, that under many decisions of this court, although a defendant may show contributory negligence, yet the plaintiff may prove, if he can, that after the discovery of his danger, the defendant was culpably negligent in not using proper preventive effort to avoid the injury, and upon such proof the plaintiff may still recover, notwithstanding he may have been guilty of contributory negligence. The authorities relied upon to sustain this latter contention are collected in the case of *L. & N. R. R. Co. v. Webb*, 97 Ala. 308; *Hurt's Case*, 101 Ala. 34; *Tanner v. L. & N. R. R. Co.*, 60 Ala. 621.

It has also been held that where the plaintiff counts upon willful or wanton negligence, and the proof shows only simple negligence there is that variance between the *allegata* and *probata*, which will defeat a recovery.— *L. & N. R. R. Co. v. Johnston*, 79 Ala. 436; *Birmingham Min. R. R. Co. v. Jacobs*, 92 Ala. 187; *Kansas City R. R. Co. v. Crocker*, 95 Ala. 432; *Highland Ave. & Belt R. R. Co. v. Winn*, 93 Ala. 308.

It would also seem on principle that if there is that variance between simple negligence and wanton or willful injury that proof of the former will not sustain a complaint charging the latter, that a replication to a plea of contributory negligence, averring willful and intentional injury, would be a departure from a complaint charging simple negligence.—*Eskridge v. Ditmars*, 51 Ala. 245.

It has also been decided, that a plea of contributory negligence is no answer to a complaint counting upon willful or wanton negligence.—*A. G. S. R. R. Co. v. Frazier*, 93 Ala. 45; *L. & N. R. R. Co. v. Watson*, 90 Ala. 68; *M. & E. R. R. Co. v. Stewart*, 91 Ala. 421; *Crocker's Case*, 95 Ala. 412.

There is not necessarily that inconsistency in these several principles of law which will prevent their proper application in a single suit, if the complaint and pleas are properly framed. Their improper application to the pleadings have led to confusion. The practice which has obtained in this State, and to some extent justified by adjudications of this court, of proving willful injury, or wanton negligence as its equivalent, under a complaint averring only simple negligence, should no longer prevail. It is not correct in principle or practice, and leads to confusion or injustice. This court does not generally review assignments of error not properly raised, and excepted to, during the trial, and which are not necessary to a determination of the case. We think it very clear, that a plea of contributory negligence is no answer to a charge of having intentionally or wantonly caused the death of another. If an engineer saw, or knew, that a person had placed himself upon a railroad track, for the very purpose of being run over and killed, he could not be justified in running his engine upon such person, because of the willful or intentional misconduct of such person. The proper plea to such a charge is the general issue, and not of contributory negligence; for if the plaintiff counts upon such a charge, and proves it, he is entitled to recover, in cases where the principal is liable for such acts of its agents, notwithstanding the deceased intentionally contributed to his own death. A plaintiff is presumed to know his cause of action when he brings his suit, and has the right to state it in as many counts as he may deem it necessary to meet the varying phases of the evidence, and it is his duty to fully inform the defendant by his declaration of all the grounds of complaint relied upon for a recovery. Having done this, the defendant is in a condition to prepare his pleas in defense. It is not just for the parties to go to trial, and after having entered upon the trial, upon issues shaped by the pleading to permit either party, against the objections of the other, unless specially authorized by statute, to inject a new issue, and allow the plaintiff to recover upon a cause of action not stated in his complaint; or the defendant to avail himself of a defense of which his adversary is not apprised by the plea. If, however, the parties go on without objection, this court will not consider the ob-

[Louisville & Nashville Railroad Co. v. Markee, Admrx.]

jection, if first raised here. If during the trial, it is developed that the pleadings are not suitably framed to meet the evidence, under our liberal system of pleadings, it is the duty of the court to permit, if desired, an amendment of the pleadings, the court taking care to see that no undue advantage is obtained thereby, nor injustice done, and that the amendment does not go to the extent of changing "the form of the action, nor an entire change of parties, nor the substitution or introduction of an entirely new cause of action." These are the only limitations on the right of amendment.— *Mahan v. Smitherman*, 71 Ala. 565 ; *Johnson v. Martin*, 54 Ala. 271 ; Code of 1886, § 2833.

A declaration or complaint may in one count aver simple negligence, in another willful and intentional wrong, and proper issues may be made up under the pleas to each count ; or, if the complaint charged either the one or the other, and the proof was such as to require an amendment of the pleadings by adding a new count this should be allowed, and a plea to the complaint as amended filed. Justice might require a continuance under some circumstances, but the question of a continuance, to prevent injustice or undue advantage, would depend greatly upon the circumstances of each case.

We think what we have said will suffice on the questions considered.

One material question in the case is, as to whether there was any evidence tending to show negligence on the part of the engineer after the discovery of the danger of plaintiff's intestate. We do not think a failure to do an act, which if done might or would have avoided the injury, necessarily constitutes it an intentional, or such a willful or wanton wrong as to be the equivalent of intentional wrong. Such a rule would require infallibility in the selection of the means used to prevent the injury. No employer owes such a duty to his employé. Due care and reasonable diligence is all that the law requires. *H. A. & B. R. R. Co. v. Sampson*, 91 Ala. 563. If the person charged with the duty, consciously fails, or refuses to exercise reasonable care, to prevent an injury after the discovery of peril, or under circumstances where he is chargeable with a knowledge of such peril, and injury results, he will be guilty of willful injury, or such wanton negligence, as to be its equivalent. If an employé

or agent charged with the duty, after the discovery of the peril of a co-employé, in good faith exercises due diligence and care to prevent an injury, and injury results notwithstanding, it can not be said he is guilty of simple negligence or of intentional and willful wrong.

The evidence shows that the deceased was a section foreman, riding on the track on a hand-car in the discharge of his duties and at the time going south. The train which ran over him was also going south, heavily loaded with pig iron. The hand-car was about emerging from a cut in which there was a curve, which so obstructed the view that persons in charge of the train could not see the hand-car or deceased until they were within one hundred and fifty yards of him. The train was running twenty-five miles an hour, schedule time, and down grade. The evidence shows, without conflict, that as soon as the presence of the deceased was discovered, the alarm was given, the brakes were put on, and then the engine reversed. The engineer and the witness Rosser, who was an expert, testified that this was the most effective method of stopping the train. The conductor, who had never acted in the capactity of an engineer, but, from his long employment as conductor and familiarity with the manner by which engines are controlled, had acquired sufficient knowledge to render him competent to give expert testimony, testified, that, in his opinion, the most effective way to stop a train is by first reversing the engine, and then to apply the brakes. Whether the one or the other be correct, we think it very clear that if the engineer, after discovering the peril of deceased, adopted the means he believed best adapted to stop the train, and in good faith did all he could to prevent the collision, it can not be said he was guilty of intentional injury, or such wanton or reckless negligence as to be its equivalent, even though the jury might believe the conductor was right in his conclusion.

There was evidence tending to show that on account of the speed of the train, its load, and the down grade, that no preventive effort could have prevented the collision with the hand-car, after it was seen. If the jury should believe this phase of the evidence the engineer was not chargeable with simple negligence, or with willful or wanton injury, for a failure of duty arising after the discovery of the peril of plaintiff's intestate.

[Louisville & Nashville Railroad Co. v. Markee, Admrx.]

It is contended that the engineer was guilty in not blowing his whistle before reaching the curve. It would have been better pleading to have charged this negligence in the complaint, but we will consider the question upon its merits, as the court was requested to give instructions on this point. There was some evidence tending to show that a sign post with the letter "W" stood on the right of the road, just before reaching the curve, which required engineers to blow the whistle before entering the cut and curve. This fact was controverted. The proof showed also that there was a public crossing of the road about one-half mile north of where the injury occurred. The evidence was in conflict as to whether the whistle blowed at the public crossing. The defendant requested the court to instruct the jury, that it owed deceased no duty to blow the whistle at the public crossing, which was refused. It has been decided that section 1144 "was intended to protect and warn persons who at a public crossing pass across and directly on the track," "and for the benefit of the travelling public, who have a right to be warned of approaching trains, for their personal protection."—*L. & N. R. R. Co. v. Hall*, 87 Ala. 718 ; *N., C. & St. L. R. R. Co. v. Hembree*, 85 Ala. 481; *A. G. S. R. R. Co. v. Hawk*, 72 Ala. 112. The defendant owed plaintiff's intestate no duty to blow the whistle at the public crossing. If the post with the letter "W" was at the place testified to by some of the witnesses, and required the engineer to blow before entering the curve, his failure to blow would be negligence. The failure to blow at the public crossing or at the post, having no knowledge of the presence of plaintiff's intestate, would be simple negligence, no more.— *Ga. Pac. Railway Co. v. Lee*, 92 Ala. 262 ; *H. A. & B. R. R. Co. v. Sampson*, 91 Ala. 560.

Was the plaintiff's intestate guilty of contributory negligence? On this point the following rules of the company were introduced in evidence : "As no signals are carried for extra trains, foremen must use the utmost care in running their hand-cars over the road. Curves and other dangerous places must be flagged. A constant lookout must be kept." "Extra trains may be expected at any moment, and section foremen must always be prepared to meet them." These rules were known to deceased, and without contradiction it is shown that the

train was an "extra train," that deceased did not observe the rule and put out a "flag" at the curve as required by the rule ; that if the curve had been properly flagged the engineer would have had time and space within which to stop the train before reaching the poiʌt of col· lision.   Under this evidence the deceased was guilty of negligence himself.—*Richmond & Danville R. R. Co. v. Hammond,* 93 Ala. 181.

Thus far we have not referred to the evidence by the witnesses for the plaintiff and defendant which shows that there were five persons on the hand-car, all of whom jumped safely off the hand-car.   If it be true, as testified to by some of the witnesses, both for the plaintiff and defendant, that the deceased escaped the peril of a collision by jumping from the hand-car, and was in a safe position, and voluntarily returned to the hand-car, and in an endeavor to get the hand-car from off the track was caught by it and held, until  the freight train collided and ran over deceased, and it was not possible by the use of all reasonable preventive effort to stop the train so as to prevent a collision after the deceased returned to the hand-car, under no principle of law can the defendant be held liable for a neglect of duty by the engineer.

The trial court can not be put in error for not charging upon the effect of evidence *ex mero motu.*  The statute is positive, (Code, 1886, § 2754) ; and certainly the defendant can not complain of a charge given at its request. —*Hurt's Case,* 101 Ala. 34.

The evidence shows that deceased left a wife and two children, that he was receiving forty dollars a month ; "that he appropriated his wages to the comfort and support of his family."   "It took all his wages to support himself and his family."   "That it took about five dollars a month to clothe himself, and about ten or twelve dollars a month to feed himself."   We believe this to be all the evidence on this point.   We are of opinion that the case is brought fairly within the principle declared in the *Trammell Case,* 93 Ala. 350 ; that it involves a dependent relationship and no pecuniary interest except by way of support and maintenance.   In the oral charge the court instructed the jury as follows : "If the case should appear to be one where the deceased would have, in addition to assisting in the support of the next of kin, accumulated an estate which would have gone to them

at his death, that might be taken into consideration in measuring the pecuniary loss," &c. The principle of law here stated may be correct, but we fail to find any evidence to which it could be referred. It was abstract and misleading, and though this court will not reverse a case for an abstract charge asserting a correct principle, unless it is manifest that injury resulted, it is the safe rule, to omit or refuse instructions of this character.

Where there are so many exceptions as appear in the present record, we can do no more than declare general principles of law, which govern them, and leave their application to the trial court. This, in our opinion, has been done with sufficient care in the case before us.

Reversed and remanded.