[Alabama Great Southern Railroad Company v. Hall, Admx.]

against the county. If the claimant is unwilling to accept the allowance as full payment he must refuse it absolutely. There is no right reserved or secured to him to accept it as partial payment only.

The plaintiff having received the sum allowed by the court of commissioners, can not maintain the action, and the judgment of the circuit court must be affirmed.

# Alabama Great Southern Railroad Company v. Hall, Admx.

*Action against Railroad Company for Damages, by Administratrix of Deceased Employé.*

1. *Action for negligence; when simple negligence averred in complaint.* In an action against a railroad company to recover damages for the alleged negligent killing of an employé, a complaint which alleges that the death of plaintiff's intestate was caused by the train he was working on being derailed by reason of the negligence of the engineer running said train at a dangerous and reckless rate of speed, charges only simple negligence.

2. *Same; what necessary to show willful or wanton negligence* —In an action to recover damages for injuries alleged to have been inflicted by reason of negligence, before the person charged with negligence can be held guilty of willful or wanton negligence the evidence must show that he knew his conduct would inflict injury, or that, on account of the attendant circumstances which were known to him, or with a knowledge of which he was chargeable, the inevitable or probable consequence of his conduct would be to inflict injury, and with reckless indifference to the consequences of such conduct, he committed the act, or omitted to do his duty to avoid the threatened injury.

3. *Same; when the evidence does not show willful or wanton negligence.* In an action for damages against a railroad company by the administrator of a deceased brakeman, who was on one of defendant's freight trains, evidence that the train, at the time of the accident, was being run at the rate of forty miles an hour, with the testimony of an expert that such rate of speed was dangerous, but that freight trains were often run at that speed without accident is not sufficient evidence to show wanton or willful negligence.

4. *Evidence; non-experts competent to testify as to rate of speed; but not that such speed is dangerous.*—A witness who was on a train at the

time of the acident, but who was not an expert, is competent to testify as to the rate of speed of the train at the time of the accident; but he can not testify that such rate of speed was dangerous.

5. *Action against railroad; fatal variance between allegations of complaint and proof.*—Where in an action for damages against a railroad company by the administrator of a deceased brakeman, the complaint alleges that at the time of the accident the plaintiff's intestate was engaged in the performance of his duties as brakeman, and the proof shows that he was at the time performing the duties of a fireman, there is a variance between the allegations of the complaint and the proof, which is fatal to a recovery.

6. *Action against a railroad company for killing an employé; measure of damages.*—In an action against a railroad company for the alleged killing of an employé brought by the decedent's widow, as administratrix of the estate, the plaintiff is required to furnish data to enable the jury to ascertain with reasonable accuracy the amount he is entitled to recover; and where it is shown by the evidence that he left a widow and several children, and it took all of his wages to support himself and family, the damages recoverable are limited to the pecuniary loss or injury sustained by the persons for whose benefit the recovery enures, which involves the dependent relationship of such persons for support and maintenance, and the amount of wages received by the deceased at the time of his death; and in the calculation the amount he would have expended upon himself must be deducted.

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. S. H. SPROTT.

This action was brought by the appellee, Beatrice Hall, as administratrix of estate of Marcellus N. Hall, deceased, against the Alabama Great Southern Railroad Company, to recover damages for the alleged negligence of the defendant, which resulted in the death of plaintiff's intestate.

The complaint, as originally filed, contained four counts. The second and fourth counts were stricken from the complaint by amendment, and the court gave the general affirmitive charge for the appellant as to the third count of the complaint. The allegations of negligence contained in the first count are sufficiently stated in the opinion. The defendant pleaded the general issue, and by special pleas contributory negligence. The fourth special plea was in the following language: ''Further answering each of said counts as amended, the defendant says that for the safety and protection of its employés and for its own safety, it promulgated certain

rules for the government and guidance of its employés, and among said rules is rule number 246, which had been brought to the attention of the deceased, and which is in words and figures as follows: '246. They must not leave their brakes, while the train is in motion, nor take any other position on the train than that assigned them by the conductor.' And defendant avers that said rule was made and promulgated for the government and guidance of freight brakemen, and that deceased was a freight brakeman when he was killed. Defendant avers that the deceased disregarded and disobeyed said rule, in that while the train was in motion, and without the order of the conductor, he was not at his brake, but was on the engine drawing said train of cars, which act on his part was purely voluntary and that the disobedience of said rule, and his negligence in respect thereto contributed proximately to his own injury and death." The plaintiff filed seven replications to the fourth special plea, demurrers to which were sustained by the court. Thereupon the plaintiff filed replication number 8, which was as follows: "For further replication to defendant's plea No. 4, the plaintiff says that at the time and immediately before the wreck of the locomotive, when her intestate was killed, the engineer who was then and there in the employment of the defendant, and in charge of, and running said locomotive, was guilty of gross negligence in the running of said locomotive, in that he was then and there guilty of wanton and reckless negligence in running said engine at too great a rate of speed, so that, as plaintiff avers, the matters set up in 4th plea is no defense to this action, and plaintiff claims judgment," &c. Issue was joined upon the pleas and upon the 8th replication.

Marcellus Hall, the intestate of the plaintiff, was a brakeman upon a local freight train of the Alabama Great Southern Railroad Company. His proper position on the train was at the front brake. The evidence showed that he was not at this brake, but at the time of the accident, which resulted in his death, was on the engine acting as fireman; that he was acting as fireman at the request and for the accommodation of the regular fireman, who was at that time in the caboose of the train. The conductor had not ordered the deceased to act as fireman, nor had he consented to it. The engine

upon which the deceased was acting as fireman, left the track on a curve about half way between Cuba and York, stations on the defendant's road.   When the engine left the track it turned over and fell on the deceased and killed him.   The evidence as to the speed of the train varied from 20 to 40 miles an hour.   There was evidence for the plaintiff tending to show that it was dangerous to run trains of this character over 25 miles or 30 miles per hour.   The evidence for the defendant tended to to show that the cause of the wreck was the breaking of a wheel in the front truck of the engine.   Rule 246 referred to in the 4th special plea was proven and introduced in evidence ; and it was also proven by the defendant that the book containing this rule had been given to the deceased.   The expectancy of life of the deceased was, at the time of his death, 33.9 years.   He was earning $55 per month.   The plaintiff, who was his wife, testified that he spent all of his salary in supporting himself and family ; that he did not have any money, and had no net income ; and that his family consisted of his wife and five children.   Upon the introduction of one J. L. Clements, as a witness for the plaintiff, he testified that was a travelling salesman, and was upon the train at the time the plaintiff's intestate was killed; and that he had ridden a great deal on freight trains.   He was then asked :   ''Do you know the rate of speed this train was running?''   He answered ''Yes, sir.''   The defendant objected to this question, moved the court to exclude the answer thereto, on the ground that the witness had not been shown to be an expert in the matter of judging the speed of trains.   The court overruled the defendant's objection, allowed the question to be asked, and refused to exclude the answer, and to these rulings the defendant duly excepted.   The witness was then asked :   ''State to the jury whether or not it was a dangerous rate of speed for a freight train?''   The defendant objected to this question upon the same ground interposed to the preceding question, and duly excepted to the court overruling this objection.   Upon the witness answering ''Yes, sir, I think so,'' the defendant moved to exclude his answer from the jury upon the same grounds, and duly excepted to the court's overruling his motion.   Similar rulings were made and exceptions reserved in reference to questions asked another witness.

[Alabama Great Southern Railroad Company v. Hall, Admx.]

W. H. Mothershed, a witness for the plaintiff, testified that he had been a railroad man for 8 or 9 years, until recently; that he had served in the capacity of brakeman, conductor, yard foreman and yard master. This witness testified that the usual rate of speed of freight trains on well regulated railroads was from 20 to 25 miles an hour, and that a freight train running over 25 miles an hour would be running at a dangerous rate of speed.

Among other things, the court in its oral charge to the jury instructed them as follows: "As a matter of law, I charge you that the deceased was guilty of proximate contributory negligence in leaving his place and going on the engine for the fireman, without orders from his superiors, and I withdraw all I said about you deciding whether or not he was guilty of contributory negligence, but I leave it to you to say, whether or not the engineer was guilty of gross negligence contributing to his injury, and if you believe from the evidence that the engineer was guilty of gross negligence, and that such gross negligence brought about the death of the deceased, then plaintiff would be entitled to recover notwithstanding the proximate contributory negligence of the deceased." The defendant duly excepted to this portion of the court's oral charge.

There were several charges requested by the defendant, to the refusal of the court to give each of which there were separate exceptions reserved; but under the opinion in the present case, it is deemed unnecessary to set these charges out at length.

There were verdict and judgment for the plaintiff, assessing her damages at $3,500. The defendant appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

A. G. SMITH, for appellant,—1. There is a fatal variance between the allegations and the proof, in that the allegation is that he was killed while employed in his duties as brakeman, the proof showing that he was acting as fireman, and not as brakeman at the time.—*Pryor v. R. R. Co.*, 90 Ala. 32; *Smith v. R. R. Co.*, 81 Ala. 229; *H. A. & B. R. R. Co. v. Maddox*, 100 Ala. 618; *Dean v. E. T., V. & G. Railway Co.*, 98 Ala. 586.

2. There is nothing in the case that tends to show

that the engineer was guilty of willful, wanton, or intentional negligence, as defined by the Supreme Court of Alabama.—*Railway Co. v. Lee*, 92 Ala. 262; *R. R. Co., v. Vaughan*, 93 Ala. 209; *Glass v. M. & C. R. R. Co.*, 94 Ala. 581; *R. & D. R. R. Co. v. Vance*, 93 Ala. 144; *L. & R. R. Co. v. Trammell*, 93 Ala. 350; *R. R. Co. v. Ross*, 100 Ala. 490.

3. Even if there were wanton negligence or willful injury on the part of the engineer, the plaintiff can not recover on this complaint charging simple negligence. *L. & N. R. R. Co. v. Markee*, 103 Ala. 160.

4. If the engineer was guilty of negligence, the deceased was guilty of such proximate contributory negligence as will defeat a recovery, in that he violated the rules of the company, and was helping to run the engine at the rate of speed it was running, whatever that speed was.—*R. &. D. R. R. Co. v. Free*, 97 Ala. 231; *R. & D. R. R. Co. v. Thomason*, 99 Ala. 471; *Ga. Pac. Railway Co. v. Propst*, 83 Ala. 518; *R. R. Co. v. Pryor*, 90 Ala. 32; *L. & N. R. R. Co. v. Pearson*, 97 Ala. 211; *M. & C. R. R. Co. v. Graham*, 94 Ala. 545; *Warden v. R. R. Co.*, 94 Ala. 277; *K. C., M. & B. R. R. Co. v. Burton*, 97 Ala. 240; *R. R. Co. v. Baugh*, 149 U. S. 368.

5. The deceased was not rendering, at the time, the particular service for which he was employed by the appellant, but was voluntarily engaged in rendering other service, not in the scope of his employment, which caused his death, and appellee can not recover on this complaint.—*Mary Lee Co. v. Chambliss*, 97 Ala. 171; *Warden v. L. & N. R. R. Co.*, 94 Ala. 277; *R. R. Co. v. Propst*, 85 Ala. 203; *McDaniel v. H. A. & B. R. R. Co.*, 90 Ala. 64; *Wilson v. R. R. Co.*, 85 Ala. 269.

J. J. ALTMAN, *contra*.

COLEMAN, J.—The meritorious questions in this cause grew out of the first count of the complaint, and the pleas thereto, and a replication to the pleas of contributory negligence. The plaintiff's intestate was employed as a brakeman by the defendant corporation. The count charges that while plaintiff's intestate "was engaged in the service of the defendant as brakeman," the train was derailed by reason of the negligence of the engineer, in running the train at "a dangerous and reck-

less rate of speed," and which caused the death of plaintiff's intestate. Only simple negligence is charged in this count. To show contributory negligence. the defendant set out in its plea a rule of the company which provided that brakeman "must not leave their brakes, while the train is in motion, nor take any other position on the train, than that assigned them by the conductor." The plea averred knowledge of the rule on the part of the deceased, and stated that deceased voluntarily, without an order of the conductor, and in disobedience of the rule, left his place while the train was in motion, and was on the engine, at the time he was killed, and thereby proximately contributed to his own death. To this plea the plaintiff replied that the engineer was guilty of "gross, wanton and reckless negligence in running the engine at too great a rate of speed."

If by the replication it was intended to aver no other than simple negligence, as charged in the complaint, the replication did not answer the plea. On the other hand, if the replication averred wanton or willful wrong. the replication was a departure from the original cause of action, and upon objection should have been rejected.— *L. & N. R. R. Co. v. Markee*, 103 Ala. 160. Issue was joined upon the replication and the issue thus made was submitted to the jury.

The evidence showed without conflict that the facts stated in the 4th plea, setting up contributory negligence, were true, and the court as matter of law instructed the jury that plaintiff's intestate was guilty of contributory negligence. It is manifest, therefore, that the court construed that the replication averred wanton negligence, as distinguished from simple negligence charged in the complaint. There was evidence before the jury tending to show that the train was being run at a speed of forty miles an hour, and the witness Mothershed, who seems to be an expert, testified that forty miles an hour was a dangerous rate of speed for a freight train, but he testified that freight trains were often run at such speed without accident. Is there anything in this testimony, from which a jury would be authorized to infer that the defendant was guilty of wanton negligence, the equivalent of a willful wrong, in running an engine at the rate of forty miles an hour? Before one can be held guilty of "willful" or "wanton and reckless negligence," the

facts must show, either that the party knew his conduct would inflict injury, or the facts must show, that on account of the attending circumstances, which were known to him, or a knowledge of which he was chargeable with, the inevitable or probable consequences of his conduct would be the infliction of injury, and with reckless indifference to the consequences, committed the act, or omitted to perform his duty.—*Ga. Pacific Railway Co. v. Lee*, 92 Ala. 262 ; *L. & N. R. R. Co. v. Webb*, 97 Ala. 308. There was no evidence which authorized the submission of the question of "wanton and reckless negligence" to to the jury.

The court did not err in receiving non-expert testimony as to the rate of the speed of the engine. The judgment or conclusion of the witnesses as to its speed, in one sense, was an opinion. They were eye witnesses to the speed of the train. 'Its speed was an issue before the jury. How better could the fact be gotten before the jury, than by the judgment of those who saw it? On account of the necessity of the character of the evidence, courts permit ordinary witnesses to testify as to speed. The want of experience would go to the weight to be given to the evidence, but not to it admissibility. *Kansas City M. & B. R. R. Co. v. Crocker*, 95 Ala. 412 ; *Evansville v. Crist*, 116 Ind. 446, 9 Amer. St. Rep. 865; Lawson on Opinion & Expert Evidence, pp. 460-465.

We are of opinion that the court erred in allowing non-expert testimony to be introduced to show that the rate of speed was dangerous. These non-expert witnesses were no more competent to draw such a conclusion than the jurors. They should not have been permitted to substitute their conclusions for those the jury ought to draw. The testimony of the witness Mothershed was properly received, it having been shown that he was an expert.

In the case of *Mary Lee C. & R. Co. v. Chambliss*, 97 Ala. 171, the general rule was recognized, that an employé, who voluntarily undertakes to perform a duty not within the scope of his employment, assumes the risk of such undertaking. That the plaintiff's intestate voluntarily left his place as brakeman and undertook to perform the duties of a fireman, as a favor to the regularly employed fireman, without orders or instructions from the conductor, or any person having authority over him, and while thus engaged as a fireman was killed, we think

[Steiner *et al.* v. Scholze *et al.*]

clearly established. The complaint also declares, that the deceased at the time of the injury was engaged in his duties as brakeman, while the uncontroverted proof shows, that at the time of the injury, the deceased was performing the duties of a fireman. The variance in this respect was fatal to a recovery upon the complaint as framed.—*Collier v. Coggins*, 103 Ala. 281; *McDaniel v. Highland Ave. & Belt R. R. Co.*, 90 Ala. 64; *Warden v. L. & N. R. R. Co.*, 94 Ala. 277.

In the oral charge given, the court did not observe the principles declared in the more recent decisions, as to what constitutes "simple negligence," and "wanton and reckless regligence or willful injury." In the case of *K. C., M & B. R. R. Co. v. Crocker*, 95 Ala. 412, *supra*, the court undertook to define the word "reckless" and drew the distinction between negligence charged to have been "reckless" and a "willful or wanton injury;" and in the case of *Stringer v. Ala. Mineral R. R. Co.*, 99 Ala. 397, it was said that "the words 'gross' 'reckless' when applied to negligence *per se*, have no legal significance, which imports other than simple negligence, or a want of due care."—16 Amer. & Eng. Encyc. of Law. pp. 426, 427.

Where the proof shows, as it does in this case, that deceased left a wife and minor children, who will be entitled to the benefit of any sum that may be recovered, whether or no the deceased spent upon his family all his wages, the measure of damages is declared in the following cases: *L. & N. R. R. Co. v. Trammell*, 93 Ala. 350; *McAdory v. L. & N. R. R. Co.*, 94 Ala. 272; *Bromley v. B. M. R. R. Co.*, 95 Ala. 397; *Markee Case*, 103 Ala. 160, *supra*. If the evidence shows that his entire income was consumed upon himself and family, the amount expended upon himself should be deducted. The plaintiff is required to furnish the data to enable a jury to ascertain with reasonable accuracy the amount he is entitled to recover.

Reversed and remanded.