# Lewis *v.* Southern Ry. Co., *et al.*

*Action for Personal Injuries.*

1 *Railroad crossing, duty of locomotive engineer as to; what crossings within meaning of* § 3440.—The provisions of § 3440 of the Code, providing that it shall be the duty of every locomotive engineer to blow the whistle and ring the bell at least one-fourth of a mile before reaching any public road crossing, etc., has reference to grade crossings, and a crossing by a railroad on a trestle or bridge, sufficiently high above a public road as to permit unimpeded passage along the latter, is not within the purview of the statutory provisions.

2. *Statutes in pari materia, construction of.*—The statutes for the protection of public safety at railroad crossings, being *in pari materia*, must be construed with reference to each of their clauses and their relation to each other.

3. § 340 *of Code, design of.*—The purpose of the statute is "To warn and protect persons who, at a public crossing, pass across and directly on the track, and who would be in danger of being struck and run over by an approaching train."

[Lewis v. Southern Ry. Co., et al.]

Appeal from Circuit Court of Lauderdale.

Tried before the Hon. Ed. B. Almon.

The facts in this case are sufficiently stated in the opinion.

Thomas R. Roulhac, for appellant.—§ 3440 of Code provides that the engineer must blow the whistle and ring the bell at least one-fourth of a mile before reaching any public road or crossing, etc.

§ 3443 provides that a railroad company is responsible for all damages done to persons, or stock, or other property, resulting from a failure to comply with the requirements of the three preceding sections, or negligence on the part of such company or its agents. Clearly a locomotive in motion is reaching, or about to reach, a public road crossing, when the track on which it is running leads, in its course, to the opposite side of the public road from that on which it then is. The point at which it gets to the opposite side of a public road is necessarily the crossing by such track of a public road. The main, if not sole, object of the statute is to protect travellers on the highway.—*Randall v. B. & O. R. R. Co.*, 109 U. S. 485; *Continental Co. v. Stead*, 95 U. S. 161; *L. & N. R. R. Co. v. Goets*, 79 Ky. 442; *Pakalinsky v. N. Y. C. R. R. Co.*, 82 N. Y. 424; *Voak v. N. C. R. R. Co.*, 75 N. Y. 320.

The courts have uniformly held that statutes like ours apply to overhead crossings as well as others.—8 Am. & Eng. Ency. of Law (2nd Ed.) 409; *People v. N. Y. C. R. R. Co.*, 13 N. Y. 78; *Penn. R. R. Co. v. Barnett*, 59 Pa. St. 259; *Quigley v. D. & H. Co.*, 142 Pa. St. 388; *Voak v. N. C. R. R. Co.*, 75 N. Y. 320; *Manley v. Chicago R. R. Co.*, 49 Ill. App. 105; *Rupard v. R. R. Co.*, 88 Ky. 280; *Wakefield v. R. R. Co.*, 37 Vt. 330; *Harty v. Cent. R. R. Co.*, 42 N. Y. 471; *Ransam v. R. R. Co.*, 62 Wis. 178, 184; *Norton v. R. R. Co.*, 113 Mass. 366; 1 Thomp. on Neg., p. 349 § 14, p. 352 § 15.

Humes, Sheffey & Speake, *contra.*—The statute requiring the blowing of the whistle, or ringing of the

bell, of a locomotive when approaching a public road crossing, applies only to grade crossings, and does not apply to crossings where the railroad track is over the highway.—Code § § 3440, 3441, 3442, 3443; *Cent. of Ga. R. R. Co. v. Forshee,* 125 Ala. 199; *E. T. V. & G. R. R. Co. v. Bayliss,* 77 Ala. 429, 434; *L. & N. R. R. Co. v. Hall,* 87 Ala. 708, 718; *L. & N. R. R. Co. v. Markee,* 103 Ala. 160, 173; *A. G. S. R. R. Co. v. Hawk,* 72 Ala. 112, 116; *N. C. & St. L. Ry. v. Hembree,* 85 Ala. 484; 126 Ill. 416; 56 Wis. 589; 19 Am. Rep. 364; 19 Am. & Eng. R. R. Cas. 8; 4 Am. & Eng. Ency. of Law (1st Ed.) 607; 15 Am. & Eng. R. R. Cas. (New Series) 180.

Negligence in giving statutory signals when approaching a public road crossing cannot be said to be the proximate cause of fright to a horse, near the crossing, produced by the appearance of a train, in the absence of a showing that the horse would not have been there, had the signals been given.—*Stanton v. L. & N. R. R. Co.,* 91 Ala. 382, 385-6-7; 110 Mass. 222; 19 Am. Rep. 364; *Levin v. Memphis & Charleston R. R. Co.,* 109 Ala. 332.

TYSON, J.—The complaint seeks to recover damages for personal injuries suffered by plaintiff, and to his horse and buggy, on account of the negligent failure of defendant's engineer, and other persons in control of a locomotive, to give the signals required by § 3440 of the Code.

The injuries complained of, as shown by the evidence, were occasioned by the fright of plaintiff's horse at a passing train, near a public road crossing. At the crossing the track of the railroad was constructed upon a bridge or trestle sufficiently high above and over the public road to allow travelers in vehicles and on foot to pass along the road under it with safety.

The question here presented is whether § 3440 has any application to crossings of this character, or are the duties imposed by it only to be observed when the crossing of the railroad and the public road are on a level or at grade?

The solution of this question does not depend, as seems to be insisted by plaintiff's counsel, upon a construction

of the first clause of § 3440, which might, if it stood alone, warrant the construction that the duty of blowing the whistle or ringing the bell of the locomotive applied to all crossings of every character, whether at grade or above or underneath the track of the railroad, but upon the construction of that section as a whole and other sections of the Code *in pari materia* with it. That section, in addition to the requirements above adverted to, also requires the whistle to be blown or the bell rung immediately before and at the time of leaving any station or stopping place; and, also, immediately before entering any curve crossed by a public road, where those in control of the locomotive cannot see at least one-fourth of a mile ahead, and that they must approach and pass *such crossing* at such speed as to prevent accident in the event of an obstruction at the crossing.

Section 3441 provides that "Where the tracks of two railroads cross each other, engineers and conductors must cause the trains of which they are in charge to come to a full stop within one hundred feet of such crossing and not proceed until they know the way to be clear."

Section 3442 requires all railroad companies to erect, at all points where its road crosses any public road, a sign to give notice of the proximity of the railroad and to warn persons of the necessity of looking out for the cars.

Section 3443 makes a railroad company liable for all damages done to persons, or to stock, or other property, resulting from a failure to comply with the requirements of the three preceding sections above noted; and, when any person, or stock, is killed or injured, or other property destroyed or *damaged, by the locomotive or cars of any railroad at any one of the places* specified in the three *preceding* sections, the burden of proof, in any suit brought therefor, is on the railroad company to show a compliance with the requirements of such sections.

Section 5369 of the Criminal Code subjects the engineer or other person, having the control of the running

of a locomotive of any railroad, to fine and imprisonment for failure to perform any of the duties required by section 3440.

When we consider all of these provisions together, as we must do, since they have reference to the same subject and form one united system, it seems to us clear that the design sought to be accomplished by § 3440 was, as said in *L. & N. R. R. Co. v. Hall,* (89 Ala. 708), "To warn and protect persons who, at a public crossing, pass across and directly on the track and who would be in danger of being struck and run over by an approaching train."

In *L. & N. R. R. Co. v. Markee,* (103 Ala. 173), the evidence showed that plaintiff's intestate was a section foreman, riding on the track of defendant on a hand-car in the discharge of his duties, and at the time going south. The train which ran over him was traveling in the same direction. The hand-car was about emerging from a cut in which there was a curve when it was overtaken by the train. The proof showed also that there was a public crossing of the railroad about one-half a mile north of where the killing occurred. The evidence was in conflict as to whether the whistle was blown for the crossing. The defendant requested the court to instruct the jury that it owed the deceased no duty to blow the whistle at the public crossing, which was refused. This Court held that the charge should have been given, and based its ruling on the extract taken above from *Hall's case* and similar expressions used in *Hembree's case* (85 Ala. 481), and *Hawk's case* (72 Ala. 112.).

In *Hembree's case* it is said: "The duty to blow the whistle or ring the bell, when approaching a depot, public crossing, etc., is intended for the safety of persons, stock, etc., who may chance to be crossing the track as the case may be."

In *E. T. V. & G. R. R. Co. v. Bayliss,* (77 Ala. 434), this language is used: "The statute ought not to be extended, by construction, to cases not included in its clear and unambiguous terms, especially as a failure to comply with the requirements of the statute is a misde-

meanor. To originate the statutory duty, there must concur an obstruction on the *track* of the road against which the locomotive or train may strike while running its proper course and direction."

In *Central of Ga. Ry. v. Forshee,* (125 Ala. 199) it is said: "The duty which the law imposes on them (trainmen) is to give signals of their approach, so that persons on the track at crossings will be warned and get off before the train reaches them."

But, it is said by appellant's counsel that all this is *dictum* and, therefore, should not be followed. In this we cannot concur. In each of the cases the question of the application of the statute arose, and what is quoted was said in response to that question. It is true, in none of them was the crossing of the character of this one. But that fact does not, and cannot, in our opinion, impair their integrity as precedents, interpreting the statute here under consideration. But whether *dictum* or not, we think what was said in those cases was clearly the design of the statute.

The cases, cited by appellant in other jurisdictions to sustain his contention, arose under statutes very different from ours, and are not, therefore, authority. But, even if they could be considered as authority, we would be unwilling to follow them in the face of the clear defined purpose of the statute by this Court.

Confessedly, if the defendant's servants were under no duty to give the statutory signals, as alleged it was their duty to do, the plaintiff failed to make out his case and the affirmative instruction given at the request of defendants was proper.

Affirmed.

McCLELLAN, C. J., SIMPSON and ANDERSON, J.J., concurring.