# Pratt Coal & Iron Co. *v.* Brawley.

*Action for Damages by Father, on account of Personal Injuries to Child.*

| 83 | 371 |
| 100 | 196 |
| 83 | 371 |
| 116 | 300 |
| 116 | 515 |
| 83 | 371 |
| 124 | 118 |
| 124 | 352 |
| 83 | 371 |
| 129 | 346 |

1. *Action for personal injuries to child; who may sue.*—For personal injuries to a minor child, caused by the negligence or wrongful act of a third person, separate and concurrent actions may, in the absence of statutory provisions, be maintained by the child and its father.

2. *Same; contributory negligence as defense, in action by child.*—In an action brought by the child, the contributory negligence of the father is no defense; nor can contributory negligence be imputed to the child, when of such tender years that it is, by legal presumption, incapable of judgment and discretion; but, when between the ages of seven and fourteen years, though *prima facie* incapable of exercising judgment and discretion, evidence of capacity may be received, contributory negligence imputed, and such negligence shown in defense of the action.

3. *Same, in action by father.*—In an action brought by the father, the contributory negligence of the child is a good defense, unless within the age which raises a legal presumption of incapacity; and the contributory negligence of the father himself is a complete defense, without regard to the age or capacity of the child; but, if the injury was caused by the wanton, reckless, or intentional negligence of the defendant's employees after the peril of the child was or ought to have been discovered, the contributory negligence of neither father nor child is available as a defense.

4. *Same; what is negligence by father.*—If a father knowingly permits his child, about seven years of age, to go unprotected on the track of a railroad, for the purpose of picking up coal, at a place where trains are constantly passing, he is guilty of culpable negligence; and if he permits the grandmother to have the care and custody of the child, her negligence in this particular is imputed to him.

5. *Statutory provisions regulating such actions.*—The statute approved January 23, 1885, giving a right of action to the father for personal injuries to a minor child, with a proviso that but one suit shall be maintained for such injury (Sess. Acts 1884-5, p. 99), does not entirely take away the infant's right of action, but allows either him or the father to sue; and if the action is brought by the father, while contributory negligence is a defense as before, he may recover the same damages as might be recovered in an action by the child. (Changed by Code of 1886, § 2588.)

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Neil Brawley, the father of Jennie Brawley, against the appellant, a private corporation operating a railroad between Birmingham and Pratt Mines in said county, to recover damages for personal injuries to his said child; and was commenced on the 13th January, 1887. The complaint contained two counts, each of which alleged that, on the 25th August, 1886, said Jennie Brawley, "who is an infant seven years of age, being on the track of the defendant's railroad, at a public place in the town of Pratt Mines, the said defendant so negligently conducted itself in the management of a locomotive belonging to it, and which it was operating upon said railway, that the said locomotive struck the said Jennie Brawley, and bruised and injured her," &c., whereby it became necessary to amputate one of her legs; and the second count further alleged, that the plaintiff thereby lost the services of his child, and was compelled to expend large sums of money in her treatment and cure.

The defendant demurred to the complaint, and to each count thereof, on these grounds: 1st, because it shows that plaintiff's child was, at the time the injuries were received, a trespasser on defendant's road, and there is no allegation that defendant's agents in charge of the train saw the child, or could have seen it by due care and diligence; 2d, because it shows that the child was a trespasser, and there is no allegation of any facts which show that defendant owed it any duty to be careful in running its locomotive and cars, or that the child was at a public crossing, or that defendant's servants saw the child in time to avoid the injury; 3d, because it shows that plaintiff was guilty of negligence in permitting his child to be on the track, and that such negligence proximately contributed to the injury received by the child; 4th, because it shows that the child was a trespasser on the track, that such trespassing contributed proximately to the injuries received, and there is no allegation that the injuries were inflicted willfully, intentionally, or wantonly.

The court overruled the demurrer, and the defendant then pleaded not guilty, and several special pleas, in substance as follows: (2.) At the time of the alleged injuries, the child was, by permission of plaintiff, its father, under the care of its grandmother, who permitted it to go on the defendant's track for the purpose of picking up coal; that the child was

[Pratt Coal & Iron Co. v. Brawley.]

thus on the track at the time the injuries were received, "at a place where trains of cars were constantly passing," as was well known to the grandmother; that this proximately contributed to the injury, and that it was not inflicted willfully, wantonly, or intentionally. (4.) That plaintiff was guilty of negligence, in permitting his child to be on the defendant's track at the time of the alleged injury; that this negligence contributed proximately to the injury, and that the injury was not inflicted willfully, wantonly, or intentionally. (5.) That the child was trespassing on the defendant's track, and but for such trespassing the injury would not have happened; that it was not discovered on the track in time to prevent the injury, and that defendant's servants, so soon as the child was discovered, did all in their power to avert the injury. (6.) That the child was guilty of negligence in trespassing on the defendant's track; that such negligence contributed proximately to the injury, and that the injury was not inflicted willfully, wantonly, or intentionally. The court sustained a demurrer to each of these special pleas; and issue being joined on the plea of not guilty, and the cause submitted to the decision of the court without a jury, the court rendered a judgment for the plaintiff, for $2,500.

The rulings on the pleadings, and the judgment of the court, are now assigned as error.

HEWITT, WALKER & PORTER, with whom was R. H. PEARSON, for appellant, made these points: (1.) The child was a trespasser on the railroad track, and the only duty owed to it by the defendant was not to injure it willfully, wantonly, or intentionally. (2.) The contributory negligence of the plaintiff was a complete defense to the action, and the negligence of the grandmother is imputed to him. (3.) There was a fatal variance between the allegations and the proof. They cited *Frazer v. S. & N. Ala. Railroad Co.*, 81 Ala. 185; *McAllister v. B. & N. W. Railroad Co.*, 19 Amer. & Eng. R. R. Cases, 108; *Railroad Co. v. Graham*, 12 Amer. & Eng. R. R. Cases, 77; *E. T., Va. & Ga. Railroad Co. v. King*, 2 South. Rep. 152; *M. & O. Railroad Co. v. Strand*, 2 South. Rep. 171; *Moore v. Penn Railroad Co.*, 4 Amer. & Eng. R. R. Cases, 569; *S. & N. Ala. Railroad Co. v. Schaffer*, 75 Ala.; *Ala. Gr. So. R. R. Co. v. Arnold*, 80 Ala. 600; *Smith v Causey*, 28 Ala. 655.

[Pratt Coal & Iron Co. v. Brawley.]

SMITH & LOWE, *contra.*   (No brief on file.)

CLOPTON, J.—Both the infant and the father may, in the absence of a statute, maintain separate and concurrent actions for personal injuries wrongfully done to his minor child. The principle on which the right to recover depends, and the elements of recoverable damages, are materially different in the two cases. When the infant sues for his own benefit, the application of the doctrine of contributory negligence depends on the capability of the plaintiff to exercise judgment and discretion. If the plaintiff is of such tender years, that he is conclusively presumed incapable of judgment and discretion, and of owing a duty to another, neither contributory negligence on his part, nor that of his parent, can be set up to defeat a recovery.—*Gov. Street R. R. v. Hanlon,* 53 Ala. 70. A child between seven and fourteen years of age is *prima facie* incapable of exercising judgment and discretion, but evidence may be received to show capacity. If capacity be shown, the general rule of contributory negligence is applicable, whether the action is prosecuted on behalf and for the benefit of the child, or by the father for his own benefit. Whenever the plaintiff derives his cause of action from an injury to a third person, the contributory negligence of such third person is imputable to him, so as to charge him with the consequences. The proof shows that the child was a few months over seven years of age, but there was no evidence tending to show the requisite capacity. In such case, the presumption of incapacity prevails. The special pleas, which set up as a defense the contributory negligence of the child, disconnected from, and unaccompanied by the negligence of the father contributing, are insufficient. The defect consists in the want of an averment of capacity, the complaint alleging that the child was of an age when *prima facie* incapable.

The present action is brought by the father, for his own benefit. The defendant filed other pleas, specially setting up the contributory negligence of the father, to which the court sustained a demurrer. When the father sues for an injury to his minor child, his neglectful conduct, proximately contributing to the injury, is a bar to the action, unless the injury was caused by the wanton, reckless or intentional negligence of the defendant's employees, after having discovered the peril of the child, or when they ought to have discovered the peril.—Beach on Con. Neg., 137; *Frazer v.*

[Pratt Coal & Iron Co. v. Brawley.]

*Louisville & Nashville R. R. Co.*, 81 Ala. 185. This is only the application in such case of the general rule, that the plaintiff's contributory negligence is a full defense, which does not depend in any wise upon the capacity or incapacity of the child. Two actions were brought for personal injuries to a minor child, one by the infant, and the other by the father. The contributory negligence of the parent was set up as a defense in both actions. It was held in the first case, that the negligence of the parent was not imputable to the child, and did not defeat a recovery; and in the latter case, that it was a bar to the action.—*Bellefontaine & Ind. R. R. Co. v. Snyder*, 18 Ohio St. 399; 24 Ohio St. 670; *Glasse v. Hestonville Railway Co.*, 57 Penn. St. 172.

The father owes to his minor child the duty of due and proper protection against danger, as may be required by the circumstances and occasion; and the duty is the more imperative, in proportion to the indiscretion and helplessness of the child. Failure to extend such protection is negligence. If, by neglect of duty in this respect, he proximately contributes to the injury of his child, he will be regarded as a concurrent wrongdoer with the party doing the injury. Argument is unnecessary to show that a father is guilty of negligence, who knowingly permits a child of about seven years of age to go, unprotected, on the track of a railroad, to get coal at a place where trains are constantly passing. It may be said, that the plea avers this was by the permission of her grandmother; but it also alleges that she was under the care of her grandmother, by permission of the plaintiff. A parent is responsible for the negligent and wrongful acts of the person to whom he intrusts the custody and care of his minor child. If the grandmother, thus having the care of the child, permitted her to trespass on the track for the purpose of getting coal belonging to the defendant, lying on or in dangerous proximity to the track, where trains were constantly passing, and such trespass contributed to her injury, the plaintiff is chargeable with the consequences.—*Bellefontaine Railway Co. v. Snyder*, 24 Ohio St. 670; *Moore v. Penn. R. R. Co.*, 4 Amer. & Eng. R. R. Cas. 569. The demurrer to the plea was wrongfully sustained.

By the act of January 23, 1885, when any personal injury to any minor child is caused by the wrongful act or omission of any person, or any officer or agent of an incorporated company, or association of persons, the father, if living,

[Louisville & Nashville R. R. Co. v. Jones.]

may maintain an action for such wrongful act or omission, and recover such damages as the jury may assess; *provided*, that but one suit shall be maintained for such injury.—Acts 1884-85, p. 99. The statute does not abrogate the rule, that either may maintain an action, but prohibits concurrent or successive suits for one and the same injury by both father and child; and giving it a liberal construction, its operation is to authorize, in a suit brought by the father, the recovery of the damages which, independent of statute, would be recoverable only in a suit by the child—so that the pendency of one suit, or judgment therein, would be sufficient in abatement, or bar, of the other. An election as to the party who shall sue is given; but, if the father sues, he is not exempted from the consequences of his own contributory negligence, or that of his child, if of suitable age or capacity. Whoever sues must take the burdens of an action brought by such party; and if the father be the plaintiff, the right to recover will depend on the principles we have declared. It may be well to remark, that section 2588 of Code of 1886 materially modifies the act; but the modification does not affect this case.

As the defendant did not have the benefit of the defense of contributory negligence on the trial, and as the liability of the defendant will be governed by other considerations, if the truth of the plea be established, and the effect of the evidence may be thereby materially varied, it is unnecessary to review the conclusion and judgment of the City Court on the evidence.

Reversed and remanded.