[Alabama Great Southern Railroad Co. v. Burgess.]

# Alabama Great Southern Railroad Co. v. Burgess.

*Action against a Railroad Company by Administrator to recover for Alleged Negligent Killing of his Intestate.*

1. *What is willful and wanton negligence.*—To constitute willful and wanton negligence there must be a purpose or design to inflict the injury, and a consciousness at the time that the act done or omitted will probably or naturally result in injury.

2. *Same; sufficiency of complaint.*—In an action against a railroad company by an administrator to recover for the alleged negligent killing of a child, who was run over by defendant's train, a count which charges that the defendant's "servants in charge of its train, after discovering that plaintiff's intestate was in danger of injury, negligently failed then and there to use reasonable care and diligence to avoid injuring said intestate, when the use of such reasonable care and diligence might have prevented her injury," charges no more than simple negligence. But such count would be more precise in its charge of simple negligence if it had alleged that such care and diligence *would* have avoided the injury, instead of *might* have avoided the injury.

3. *Same; charge to the jury.*—In an action against a railroad by an administrator, to recover damages for the alleged negligent killing of his intestate, who was a child, a charge which instructs the jury "that if they find from the evidence that the engineer, after discovering the danger of the child negligently failed to use reasonable care to avoid the injury, and the use of such reasonable care would have prevented her injury, the law denominates this negligent, willful or intentional negligence," is erroneous, in that it did not predicate that the failure of the engineer to use diligence to avoid the injury was with a consciousness at the time that his omission to do so would probably or naturally result in injury.

4. *Same; same.*—In an action against a railroad company to recover damages for the alleged negligent killing of plaintiff's intestate, who was a child, a charge which instructs the jury "that all that is meant in this case by wanton, willful or intentional negligence is a conscious failure on the part of the defendant to use reasonable care under the circumstances, to avoid the injury, after discovering the danger of the child," is erroneous and misleading.

5. *Charges to the jury; not necessary to repeat.*—The trial court need not give charges requested, which are substantially the same as charges already given.

6. *Action by administrator to recover for death of intestate; admissibility of evidence.*—In an action brought by an administrator, under the statute, (Code of 1886, § 2589), to recover for the alleged negligent killing of his intestate, who was a child, the damages recoverable are entirely punitive; and. therefore, evidence of loss of services, or of mere pecuniary loss, and mental suffering on the part of the parents of the deceased child, is immaterial, irrelevant and inadmissible.

7. *Suit for injury causing death of minor child; contributory negligence.*—In an action brought by an administrator under section 2588 of the Code of 1886, to recover damages for the alleged negligent killing of a child, the contributory negligence of the parents is a defense.

8. *Action against a railroad company; sufficiency of defense.*—In an action against a railroad company by an administrator to recover damages for the alleged negligent killing of his intestate, where the complaint counts on the defendant's negligence in not observing due care and diligence after discovering the intestate's peril, the fact that the intestate was guilty of exposing himself to danger can not be pleaded as a defense. To such complaint the contributory negligence must be subsequent to the discovery of the intestate's peril, to constitute a defense.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. JAMES A. BILBRO.

This action was brought on October 13th, 1894, by the appellee, L. F. Burgess, as administrator of Ora Burgess, deceased, against the Alabama Great Southern Railroad Company.

The complaint, as amended, contained five counts. The first count was withdrawn by plaintiff. The remaining counts were as follows :

2. "Plaintiff claims of defendant fifty thousand dollars, as damages, for that, defendant, on or about the — day of August, 1894, was engaged in the business of a common carrier of passengers, propelling cars by steam in Etowah county, Alabama, and then and there willfully, wantonly or intentionally, through its agents or servants, ran its engine and cars upon and against plaintiff's intestate, who was then and there a minor between three and four years of age, and killed her—hence this suit."

3. "Plaintiff claims of defendant fifty thousand dollars, as damages, for that defendant, on or about the — day of August, 1894, was engaged in the business of a common carrier of passengers, propelling cars by steam, in Etowah county, Alabama, and whilst then and

there engaged as such common carrier, defendant's servants and agents after discovering that plaintiff was in danger of injury, failed to exercise due care and skill to avoid injuring her, when such care and diligence might have avoided her injury, whereby plaintiff was killed by being struck by the engine and cars of defendant owing to the negligence of defendant as aforesaid."

4. " Plaintiff claims of defendant fifty thousand dollars as damages, for that defendant on or about the — day of August, 1894, was engaged in the business of a common carrier of passengers, propelling cars by steam, in Etowah county, Alabama, and then and there willfully, wantonly or intentionally, through its agents or servants, ran its engine and cars upon and against plaintiff's intestate, who was then and there a minor between three and four years of age, and killed her in Etowah county, Alabama—hence this suit."

5. "Plaintiff claims of defendant fifty thousand dollars as damages, for that whereas, on or about the — day of August, 1894, defendant was engaged in the business of a common carrier of passengers in Etowah county, Alabama, propelling cars by steam in said county and State, and whilst so engaged as said common carrier, defendant's agents and servants in charge of its train, after discovering that plaintiff's intestate was in danger of injury, negligently failed then and there to use reasonable care and diligence to avoid injuring said intestate, when the use of such reasonable care and diligence might have prevented her injury, whereby plaintiff's intestate was then and there killed by the engine or cars of defendant striking her, and her death was caused by the failure of defendant to use reasonable care and diligence to avoid injuring said intestate after discovery of her danger of injury, when the use of such reasonable care and diligence might have avoided said intestate's injury—hence this suit."

To the fifth count the defendant demurred upon the following grounds : "1. Said count does not state what proper means to avoid the injury were not used by defendant's servants or agents. 2. Said count does not sufficiently inform the defendant against what it is called to defend. 3. Said count is too uncertain, vague and indefinite in its statement of the alleged negligence of defendant." The court overruled these demurrers,

and issue was joined upon the plea of not guilty to the 2d, 3d, 4th and 5th counts of the complaint.

The evidence for the plaintiff tended to show that the plaintiff's intestate, Ora Burgess, who was killed on August 4, 1894, by being run over by a train of the defendant was, at the time she was killed, three years and and three months old; that she and her little brother were, at the time of the accident, upon the track of the defendant's road; that from the place of the accident, south, the track was straight for a distance of about 700 yards; that the child was killed by a north-bound train between 3 and 4 o'clock in the afternoon, and the day was clear and bright.

The evidence for the defendant tended to show that the engineer saw objects upon the track a distance of between 500 and 700 yards from the place of the accident, but that he did not recognize that they were a children until he was within 40 or 50 yards of them; that thereupon he applied the brakes, reversed the engine and did all things possible to stop the train; that the train was going at the rate of 40 miles an hour, and that it was impossible to stop the train before the child was run over, and that the injury could not have been avoided after the engineer discovered the child upon the track. The facts of this case, as to the circumstances of the injury, are substantially the same in detail as those disclosed in the case of *Alabama Great Southern Railroad Co. v. Burgess*, which is reported in 114 Ala. 587, and reference is here made to that case.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave to the jury the following written charges: The first four charges so given were the affirmative charges on the 2d, 3d, 4th and 5th counts, respectively. (5) "The court charges the jury that whether Mr. and Mrs. Burgess, or either of them, were guilty of negligence in allowing the child to be there, has no bearing in this case, and will not be considered by the jury in fixing the amount of the verdict, should they find for the plaintiff." (6.) "The court charges the jury that if they find from the evidence that the engineer, after discovering the danger of the child, negligently failed to use reasonable care to avoid the injury, and the use of such reasonable care would have prevented her injury, the law denominates this wanton, willful or intentional

negligence, and the defendant would be liable." (7.) "The court charges the jury that all that is meant in this case by wanton, willful or intentional negligence is the conscious failure on the part of the defendant to use reasonable care, under the circumstances, to avoid the injury after discovering the danger of the child, if they find from the evidence there was such failure, and the injury resulted therefrom." The defendant separately excepted to the court giving each of these charges, and also separately excepted to the court's refusal to give the following, among other charges, requested by it: (8) "The court charges the jury that under the evidence in this case there can be no recovery for willful, wanton or intentional negligence." (9.) "The court charges the jury that the plaintiff can recover nothing ' for the value of the service of plaintiff's intestate during minority." (10.) "The court charges the jury that the plaintiff can recover nothing by reason of the grief of the parents or kinspeople of plaintiff's intestate." (11.) "The court charges the jury that the fact that the administrator is also the father of the child killed does not authorize the jury to award plaintiff any damages for the loss of his child."

There were many other charges requested by the defendant which the court refused to give; but under the opinion on the present appeal it is deemed unnecessary to set these out in detail.

The court gave several charges requested by the defendant, and some of the charges which the court refused to give at the defendant's request were substantially the same as those which had been previously given.

There were verdict and judgment for the plaintiff, assessing his damage at $10,000. The defendant moved the court to set aside the verdict and grant a new trial, upon the ground that the damages were excessive, and assigning as additional grounds of said motion the rulings of the trial court to which exceptions were reserved.

AMOS E. GOODHUE, for appellant.—Before a person charged with negligence can be held guilty of willful or wanton negligence, the evidence must show that he knew his conduct would inflict injury, or, that on account of the attendant circumstances which were known to him,

or with a knowledge of which he was chargeable, the inevitable or probable consequences of his conduct would be to inflict injury, and with reckless disregard of the consequences of such conduct, he committed the act or omitted to do his duty to avoid the threatened injury.—*A. G. S. R. R. Co. v. Hall*, 105 Ala. 599. There must be evidence tending to show such negligence "as implies a willingness or a purpose to inflict the injury complained of—a consciousness that the unwarranted conduct will inevitably or probably lead to wrong and injury."—*K. C., M. & B. R. R. Co. v. Crocker*, 95 Ala. 433 ; *L. & N. R. R. Co. v. Markee*, 103 Ala. 160 ; *Ga. Pac. Ry. Co. v. Lee*, 92 Ala. 262.

DORTCH & MARTIN, *contra*.—The demurrer to the 5th count was well taked.—*Oxford Lake Line v. Stedham*, 101 Ala. 378 ; *Ga. Pac. R. Co. v. Davis*, 92 Ala. 307 ; *Mary L. C. & R. Co. v. Chambliss*, 97 Ala. 174 ; *Ensley R. Co. v. Chewning*, 93 Ala. 24 ; *L. & N. R. R. Co. v. Hawkins*, 92 Ala. 244 ; *M. & O. R. R. Co. v. George*, 94 Ala. 214.

The charges given at the request of plaintiff asserted correct propositions.—*L. & N. R. R. Co. v. Markee*, 103 Ala. 160 ; *L. & N. R. R. Co. v. Black*, 89 Ala. 317.

COLEMAN, J.—The complaint upon which the cause was finally submitted to the jury contained four counts, numbered two, three, four and five. The second and fourth counts aver that the injury which caused the death of plaintiff's intestate was willfully or wantonly inflicted. The third and fifth counts aver no more than simple negligence. We declared what constitutes willful injury, and its legal equivalent, wanton injury, in the cases of *Ga. Pac. R. R. Co. v. Lee*, 92 Ala. 262 ; *K. C., M. & B. R. R. Co. v. Crocker*, 95 Ala. 433 ; *L. & N. R. R. Co. v. Markee*, 103 Ala. 160 ; *A. G. S. R. R. Co. v. Hall*, 105 Ala. 599 ; *L. & N. R. R. Co. v. Anchors*, 114 Ala. 492 ; *A. G. S. R. R. Co. v. Burgess*, 114 Ala. 587. We think it unnecessary to do more than to cite these authorities.

The third and fifth counts would more clearly show simple negligence, if instead of averring that such "care and diligence *might* have avoided her injury," the pleader had charged that such care and diligence *would* have avoided the injury. The trial court proceeded on the assumption, that the third and fifth counts averred

[Alabama Great Southern Railroad Co. v. Burgess.]

a willful and wanton injury. The definition of "wanton, willful or intentional negligence" given to the jury by the court in charges numbered six and seven, was not in accordance with the decisions we have cited, and was erroneous; the phraseology of the seventh was calculated to mislead the jury in this respect. The correction of this error will enable the court to avoid others on another trial.

A trial court is not required to give charges which have been given, and a mere immaterial variation of words does not change the rule.

Many of the rulings of the court assigned as error were disposed of in the cause of the *A. G. S. R. R. Co. v. Burgess*, recently decided (114 Ala. 587), the plaintiff having been injured at the same time and by the same cause which gave rise to the present action, and we need not repeat here what was there said.

Damages recoverable under section 2589 are entirely punitive and to prevent homicides. Evidence of loss of services, or mere pecuniary loss, and evidence of mental suffering on the part of the parents of the deceased child, are immaterial and irrelevant.—*Buckalew v. Tenn. Coal, Iron & R. R. Co.*, 112 Ala. 146; *K. C., M. & B. R. R. Co. v. Sanders*, 98 Ala. 293; *Richmond & Danville R. R. Co. v. Freeman*, 97 Ala. 289; *Savannah & Memphis R. R. Co. v. Shearer*, 58 Ala. 672.

The deceased was an infant about three years of age. If death had not resulted and the action had been brought by the infant, neither the contributory negligence of the infant, nor that of her parents, would have been available as a defense to the action.—*Pratt Company v. Brawley*, 83 Ala. 371; *Government Street Railroad Co. v. Hanlon*, 53 Ala. 70; *M. & M. R. Co. v. Crenshaw*, 65 Ala. 566. The rule is otherwise as to the contributory negligence of the parent where the action is brought under section 2588 by the parent to recover pecuniary compensation.—*Williams v. S. & N. A. R. R. Co.*, 91 Ala. 635; *A. G. S. R. R. Co. v. Dobbs*, 101 Ala. 219.

That the plaintiff may have been guilty in exposing himself to danger can not be pleaded as a defense to a complaint which counts on the negligence of the defendant in not observing due care after the discovery of the peril of plaintiff. To such a complaint there must be subsequent contributory negligence. The plea of the

[Flowers, *et al.* v. Jernigan.]

general issue puts in issue the alleged negligence of such complaint.

For the errors noted, the case must be reversed and remanded.

Reversed and remanded.