# Birmingham & Atlantic Railway Co. v. Mattison.

### Crossing Accident.

(Decided Dec. 21, 1909. Rehearing denied Feb. 26, 1910.
52 South. 49.)

1. *Appeal and Error; Review; Record.*—In reviewing rulings on demurrer the bill of exceptions cannot be looked to, and the record proper alone will determine it.

2. *Railroads; Injury at Crossing; Evidence.*—Where the complaint for injuries received at a public crossing alleged that plaintiff's

[Birmingham & Atlantic Railway Co. v. Mattison.]

injuries were the proximate result of the negligence of the defendant through its servants and employes in charge of said engine and car, and that such employes or servants recklessly, wantonly or intentionally ran one of defendant's cars against plaintiff, evidence that it was the negligence of a flagman of the defendant at the crossing was admissible. So also was the city ordinance providing for the keeping of a watchman at the crossing admissible as tending to show that plaintiff had a right to look to him to warn of the danger, thus tending to disprove contributory negligence.

3. *Trial; Reception of Evidence; Limiting Application.*—Where evidence is admissible for certain purposes only, it is the duty of the objecting party to request that it be limited to that purpose, and the court will not be put in error for admitting it if it is admissible for any purpose.

4 *Negligence; Contributory Negligence.*—While a child may be guilty of negligence which will bar recovery to the same extent as an adult if it proximately contributes to the injury, yet a child of tender years has capacity to exercise only such care as belongs to childhood, and one too young to exercise care cannot be guilty of contributory negligence.

5. *Same; Presumption.*—It is usually a conclusive presumption that a child under seven years cannot be charged with contributory negligence; and those over seven and under fourteen, are presumed prima facie to be incapable thereof, but those over the age of fourteen are presumed to be capable, and the burden is on the infant after that age to show want of capacity or understanding.

6. *Same; Jury Question.*—Unless so young and immature as to require the courts to judiically know that the child could not contribute to its own injury or be responsible for its acts. or unless the child was so old and mature that the court must know that it is responsible, although an infant, the question as to whether the child's capacity is such that it may be charged with contributory negligence is one fact for the jury.

7. *Same; Presumption; Instruction.*—Where the action was for injury to a girl eleven years old, a charge as to the degree of proof necessary to rebut the presumption of plaintiff's immunity from negligence on account of her age, which requires that the jury be satisfied instead of reasonably satisfied, requires a too high degree of proof.

8. *Infant; Disabilities; Ability.*—The law presumes that an infant fourteen years old has sufficient discretion to select its own guardian, contract a lawful marriage, and to be capable of malice.

APPEAL from Talladega City Court.

Heard before Hon. G. K. MILLER.

Action by Laura A. Mattison against the Birmingham & Atlantic Railroad Company, for damages for injuries received at a public road crossing. Judgment for plaintiff and defendant appeals. Reversed and remanded.

[Birmingham & Atlantic Railway Co. v. Mattison.]

KNOX, ACKER, DIXON & BLACKMAN, for appellant. The averments of the complaint do not sufficiently make a count for willful or wanton negligence.—*Southern Ry. v. Bush,* 122 Ala. 470; *Bir. R. L. & P. Co. v. Jaffee,* 45 South. 469. While prima facie a child under fourteen years of age may not be charged with contributory negligence, such a child may be guilty of contributory negligence, and a plea averring that she had sufficient capacity to understand the danger or assuming the risk of failure to stop, look and listen, is sufficient.—*Pratt C. & I. Co. v. Brawley,* 83 Ala. 271; *Ala. Min. Co. v. Marcus,* 115 Ala. 289; *Tutwiler C. C. & C. Co. v. Ensley,* 129 Ala. 336. Where the defendant was guilty of only simple negligence, the trespasser whether under fourteen years or not cannot recover, and where the railroad company is not required to look out for trespassers, they are not guilty whether the trespasser be a child or not. —*Jefferson v. Bir. R. & E. Co.,* 116 Ala. 294. The jury should have been instructed that if they believe from the evidence that the minor was of suffiicent intelligence to know and appreciate danger, such minor could not recover against simple negligence.—*Chambers v. C. & Ry. Co.,* 143 Ala. 255. Punitive damages are not recoverable for simple negligence but only compensatory damages.—*B. R. L. & P. Co. v. Wyatt,* 149 Ala. 492; *L. & N. v. Hall,* 87 Ala. 708; *E. T. V. & G. v. King,* 81 Ala. 177.

WHITSON & HARRISON, and CECIL BROWNE, for appellee. A good many of the assignments of error are waived by virtue of not being insisted on in brief of counsel.—*L. & N. v. Morgan,* 114 Ala. 449; *Kennon v. Lindsey,* 127 Ala. 270; *Armstead v. Thompson,* 91 Ala. 127. Many of the insistencies are not sufficient to prevent the application of the above rule.—*Fitts v. Phoe-*

*nix Auction Co.*, 45 South. 150. Error must be affirmatively shown.—*Carwile v. Carwile*, 131 Ala. 603; *Burgess v. Am. Mtg. Co.*, 115 Ala. 468. A bill of exceptions is construed against the party excepting.—*Massey v. Smith*, 73 Ala. 170. The 2nd count of the complaint is withdrawn, and no error can be predicated on it.— *Southern Ry. v. Bunt*, 131 Ala. 591. The 3rd count was sufficient.—*Southern Ry. Co. v. Bush*, 122 Ala. 470; *M. & C. v. Martin*, 117 Ala. 367; *C. of Ga. v. Foshee*, 125 Ala. 199; *Southern Ry. Co. v. Crenshaw*, 136 Ala. 573. The court properly sustained demurrers to appellant's pleas.—*A. G. S. v. Guest*, 136 Ala. 348; s. c. 144 Ala. 373; *B. R. L. & P. v. Landrum*, 45 South. 198. The court did not err in its rulings on the testimony.—*L. & N. v. Stewart*, 128 Ala. 313; *L. & N. v. Church*, 46 South. 457; *L. & N. v. Webb*, 90 Ala. 185. On the authorities cited above appellee insists that the court did not err in the charges given or refused. The court properly admitted the city ordinance.—*Town of Brighton v. Miles*, 151 Ala. 579; *Barnes v. Alex. City*, 89 Ala. 602. The court could take judicial cognizance of the intersection of the avenue and street.—*Guarreno v. The State*, 48 South. 65.

MAYFIELD, J.—Plaintiff, appellee, a girl 11 years of age, by her next friend, sues the defendant, appellant, to recover damages for personal injuries. The plaintiff was run over by a freight train of defendant at a public crossing in the city of Talladega, receiving serious personal injuries, the worst of which was the loss of a leg. The complaint contained three counts, 1, 2, and 3. Count 2 was eliminated by amendment and need not be considered. Count 1 declared on simple negligence; count 3 on wanton negligence or willful injury. Demurrers were interposed to the complaint

and to each count, severally. The demurrers were all overruled. The plaintiff, nevertheless, thereafter amended each count, and to the complainant as amended the demurrers were re-interposed, as before, and again overruled. To the complaint, and to each count thereof, separately and severally, the defendant pleaded the general issue and 11 special pleas, setting up that plaintiff was a trespasser, contributory negligence, and assumption of risk. To these special pleas, the plaintiff interposed demurrers, in so far as they attempted to answer the whole complaint, and also in so far as they attempted to answer each count. The demurrers were sustained generally. The defendant then amended its special pleas, and the plaintiff again interposed the demurrers thereto as before, with some additional grounds, and the demurrers were again sustained generally.

The averments of each count, as originally filed and as amended, were very general as to the allegations of negligent or wrongful acts complained of; but under our system of pleading in such cases, they were at least not subject to the demurrers interposed. We are unable to review the rulings of the trial court upon the demurrers to the special pleas. The demurrers were properly sustained to each of the pleas in so far as the plea attempted to answer count 3. The defenses attempted to be set up were not availing as a defense to this count which declared on wanton negligence or willful injury; some of the pleas were not answers to either count, while some were good as to count 1. The record proper must alone be looked to in reviewing rulings, upon demurrer, and it merely shows that the demurrers were sustained as to all the special pleas. We must presume in favor of the trial court's ruling that this was the demurrer to the pleas in so far as they attempted to

answer the whole complaint, or the third count, which was clearly proper. There is no ruling shown by the record proper upon the demurrer to the pleas in so far as they are answers to the first count. The bill of exceptions recites that issue was joined upon special pleas 2, 4, 5, 9, and 12, to the first count; but we cannot look to this as to rulings upon pleadings. The record proper should show the issues upon which the case was tried, and not the bill of exceptions. It clearly appearing that the case was tried upon the general issue as to counts 1 and 3, and pleas of contributory negligence to count 1, we will so treat the case as to rulings upon the charges and the evidence, but cannot review the rulings upon the demurrers to the pleas, for the reason assigned, and for the further reason the bill of exceptions does not inform us sufficiently as to this, even if we could look to it.

Being tried upon the issues indicated, plaintiff obtained a verdict and judgment for $4,500, from which the defendant appeals and assigns 142 grounds of error. Many of these grounds are not insisted upon at all, many are insufficiently insisted upon, many of them are properly grouped together and insisted upon jointly and severally in this manner, and some of them are fully and ably argued. We will only respond to those properly assigned and properly treated by counsel, and which are necessary to a proper determination of the cause; and we will then, to keep this opinion within reasonable compass, have to treat the assignments in groups which involve but a single question of law. The only negligent or wrongful acts alleged in the complaint as amended, which were relied upon for recovery, were as follows: Count 1: "All of said injuries were the proximate result of the negligence of defendant through its servants and

[Birmingham & Atlantic Railway Co. v. Mattison.]

employes in and about the running and rushing of said engine and car, and the management and control thereof by them, said servants and employes being then and there in charge and control of said engine and cars—all of which was and is to plaintiff's great damage as aforesaid." Count 3: "The employes or servants of the said defendant, being then and there in charge of one of defendant's trains, recklessly and wantonly or intentionally run one of defendant's said cars of said train on and against plaintiff." These averments were sufficient to authorize evidence as to the negligence of the negro flagman at the public crossing of the streets and the railroad. If the evidence should have been limited for certain purposes, it was the duty of the objecting party to request that it be so limited. The trial court will not be put in error for admitting it, if admissible for any purpose. The city ordinance as to the provision of keeping a watchman at the crossing was admissible, as tending to show that the plaintiff had a right to look to him to warn her of approaching danger, and thus to disprove contributory negligence.

As to rulings of the trial court upon the question of contributory negligence of the plaintiff and as to the effect of her infancy upon that question, it is proper to say that we cannot revise the rulings on the demurrers to the pleas which set up this as a defense to count one.

An infant, of course, may be guilty of negligence, and, if it proximately contribute to its injury, it bars a recovery by the infant in the same manner and to the same extent that contributory negligence of an adult bars an action by the latter; but the difficulty arises in determining when, and under what circumstances, is an infant guilty of contributory negligence. That which will be contributory negligence on the part of an adult may be proper care on the part of an infant. That

[Birmingham & Atlantic Railway Co. v. Mattison.]

which will be negligence on the part of an infant may be proper care on the part of another, depending upon the age, discretion, intelligence, experience, etc., of the infant. A child of tender years has capacity to exercise only such care and self-restraint as belongs to childhood. Reasonable men are presumed to know this and must govern themselves accordingly. The caution and care required of others toward the infant are measured by the age, the maturity, the capacity, and the intelligence of the child.

A child too young to exercise any care or discretion is clearly as incapable of negligence as it is of crime or sin, and is therefore not answerable to the doctrine of self-defense. There are ages so young (usually under 7) that there is a conclusive presumption of law, and hence evidence is not admissible to refute the presumption; while there are other ages, usually 7, after reaching which, it becomes a prima facie presumption only, and may then be rebutted by evidence of unusual natural capacity, physical condition, training, habits of life, experience, surroundings, and the like. This prima facie presumption continues in its favor till it reaches another age, usually 14, after which the presumption changes, and the burden is then on the infant to show want of capacity or understanding. The question as to whether a child's capacity is such that it may be chargeable with contributory negligence is a question for the jury, unless so young and immature as to require the court to judicially know that it could not contribute to its own injury or be responsible for its acts, or so old and mature that the court must know that, though an infant, yet it is responsible.

While the ages of 7 and 14 are those usually fixed at which the presumptions arise and change, as above indicated, yet, as is well said by the Supreme Court of

Pennsylvania, "the law fixes no arbitrary period when the immunity of childhood ceases and the responsibilities of life begin." For some purposes 21 years is the rule, but not so as to negligence or crime. At what age must a child's responsibility for negligence be presumed to begin is a question of law and not of fact, and the courts as a rule have fixed it as above stated. At 14 the law presumes the infant to have sufficient discretion to select its own guardian, to contract a lawful marriage, and to be capable of malice. It is therefore very reasonable to fix this age as that at which it becomes, and will be presumed to be, sensible of and responsible for danger. We do not pass from childhood to manhood at one jump—it is by many and slow steps, accompanied by many falls and bumps. We cannot say that one day a child is wholly immune and the next day responsible; that one day his responsibility is that of a child, and the next, that of a man. The law only fixes the dates of 7, 14, and 21 as to the presumptions. The dates are not arbitrary as to absolute immunity or liability. With the limitations heretofore mentioned this depends upon the facts of each particular case, and as to these cases the decisions of the courts, as to be expected, are far from uniform. Some courts hold that a child of 6 is conclusively presumed to be immune; others have held children of 4 responsible in particular cases.

There is no inflexible rule by which we can determine the capacity of all children, under all circumstances, for observing and avoiding danger; each child is bound to use the reason it possesses and to exercise the degree of care and caution of which it is capable. One child may understand and appreciate one danger and not another. Another child of the same age as the first, may understand the danger the first does not, and be insensible to the danger of which the first was aware. A

[Birmingham & Atlantic Railway Co. v. Mattison.]

child raised in a city may be perfectly capable of understanding and avoiding the danger of street cars, railroads, and crowded streets, but insensible of the danger of a mowing or threshing machine, a foot adz, or a scythe blade, etc.; while a child of the same age and average intelligence, raised on a farm, would fully comprehend and understand the dangers of the latter class, but be wholly unconscious or ignorant of those of the former. Some children at the age of 7 better understand the dangers of trains and cars than do others at 14. Therefore, the capacity, the intelligence, the knowledge, the experience, and discretion of the child are always evidentiary circumstances. There is no ideal standard by which the court or jury can determine whether a given child in a particular case exercised that measure of care which the law requires. Courts know that by nature most children run the gauntlet of many risks, and suffer, as a natural and inevitable consequence, injuries more or less severe; that in many such cases no one is liable therefor; that such can only be ascribed to accident or misfortune; and in such cases the law properly declines to hold any one liable for injuries which are the result of childish instinct or helplessness.

Some of the charges given by the trial court, upon the question of negligence of the plaintiff, fixed too high a degree of proof upon the defendant to rebut the presumption of plaintiff's immunity from negligence on account of her age. Many of the statements of the law, by the court, upon this subject, were accurate and correct, but some were not, because they required the jury to be "satisfied" of the facts hypothesized, instead of "reasonably satisfied."—5 Mayfield's Dig. p. 369, §§ 76, 77.

As this case must be reversed, it is unnecessary to pass upon the other questions, which may not arise

[Excelsior Steam Laundry Company v. Lomax.]

again, and discussion of them would be of no benent on another trial.

The judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.

DOWDEL, C. J., and SIMPSON and McCLELLAN, JJ., concur in the conclusion. DOWDELL, C. J., does not commit himself to all that is said in the opinion.