(77 South. 562)

JONES v. STRICKLAND.    (8 Div. 55.)

(Supreme Court of Alabama.    Nov. 15, 1917. Rehearing Denied Dec. 24, 1917.)

1. MASTER AND SERVANT ⊂⟐329—INJURIES TO THIRD PERSON—COMPLAINT—SUFFICIENCY.

In an action for injuries received by plaintiff, a minor, in consequence of a collision between his bicycle on which he was riding and the motorcar of defendant, some counts of the complaint alleged actionable negligence of defendant's chauffeur in the operation of the car, while others ascribed it to the negligence of the chauffeur in intrusting the operation of the car to another negro, whom he had picked up and who was alleged to be a person inexperienced in the operation of motorcars. However, each count of the complaint alleged that the person to whom the negligence was ascribed was, at the time of the injury, the agent and servant of defendant, to whom the operation of the motorcar was then and there intrusted. *Held*, that the complaint was sufficient to allege that the chauffeur was, at the time of the injury, acting within the scope of his employment.

2. PRINCIPAL AND AGENT ⊂⟐159—"SCOPE OF AUTHORITY"—WHAT IS.

An act may be within the scope of an agent or servant's authority, and yet not be in the interest of the master or in the prosecution of the master's business, the "scope of an agent's authority" being the extent or sweep thereof, and not limited to acts done in the interest of or in the prosecution of the business of the master.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Scope of Authority.]

3. MASTER AND SERVANT ⊂⟐302(6)—INJURIES TO THIRD PERSONS—LIABILITY OF MASTER.

The owner of a motorcar is not liable for every injury inflicted by his driver when operating the car, and to make him liable the driver must be his agent at the time of the injury, and acting within the scope of his authority; hence, if the driver should steal the car out and use it for joy riding exclusively for his own benefit the owner would not be liable, for the relation of principal and agent would not exist; yet, where the relation of principal and agent actually existed at the time of the injury, and the driver was using the car for the purpose of bringing the master to his place of business, or to his home, or of returning the machine after so conveying the owner, the owner would be liable, notwithstanding the driver was using it in a manner contrary to his orders.

4. PLEADING ⊂⟐34(1) — PLEAS — CONSTRUCTION.

Pleas must be read and construed in connection with the complaint or the counts which they profess to answer.

5. NEGLIGENCE ⊂⟐122(6) — CONTRIBUTORY NEGLIGENCE—INFANTS—PRESUMPTION.

A minor under 14 years of age is prima facie incapable of being guilty of contributory negligence, although the presumption is not conclu-

sive; and, when the infant is over 7 years of age, it may be rebutted by proof that his acts were negligent.

**6. NEGLIGENCE ⬤⟿7—CARE BY INFANT.**

A child of tender years has capacity to exercise only such care and self-restraint as belongs to childhood, and reasonable men must govern themselves accordingly; the caution and care required of others towards infants being measured by the age, maturity, capacity, and intelligence of the infant.

**7. NEGLIGENCE ⬤⟿122(6) — CONTRIBUTORY NEGLIGENCE—INFANT.**

A child too young to exercise any care or discretion is as incapable of negligence as it is of crime or sin, and not answerable to the doctrine of contributory negligence, so ordinarily there is a conclusive presumption that a child under 7 is not guilty of contributory negligence.

**8. NEGLIGENCE ⬤⟿85(3)—CONTRIBUTORY NEGLIGENCE—INFANTS.**

Where an action is brought by an infant under 7 to recover damages for personal injuries inflicted upon it, neither negligence of the infant nor of its parent is available as a defense.

**9. NEGLIGENCE ⬤⟿95(1)—CONTRIBUTORY NEGLIGENCE OF PARENT—ACTION.**

Where an action is brought by a parent to recover pecuniary compensation for the death or injury of an infant, contributory negligence of the parent will defeat recovery.

**10. NEGLIGENCE ⬤⟿85(3) — CONTRIBUTORY NEGLIGENCE.**

An infant under 2 years of age is, as a matter of law, incapable of being negligent.

**11. NEGLIGENCE ⬤⟿85(2) — CONTRIBUTORY NEGLIGENCE—PRESUMPTION.**

That an infant not 14 years of age is bright, smart, and industrious is not sufficient to overcome the presumption of want of discretion.

**12. NEGLIGENCE ⬤⟿117—CONTRIBUTORY NEGLIGENCE—PLEA.**

Where a complaint alleged that plaintiff, who was run down by defendant's motorcar, was an infant under 14 years of age, a special plea, alleging that plaintiff at the time of the injury was violating a municipal ordinance, and that fact proximately contributed to his injury, is insufficient to show that the infant was negligent.

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

Action by Julian W. Strickland, by next friend, against J. T. Jones. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under Act April 18, 1911, p. 449, § 6. Affirmed.

Callahan & Harris, of Decatur, for appellant. E. W. Godbey, of Decatur, for appellee.

MAYFIELD, J. Appellee is a minor, being 11 years of age; and he sues, by his next friend, to recover damages for personal injuries received in consequence of a collision between plaintiff's bicycle, which he was riding at the time, and an automobile of the defendant.

The collision occurred in a public street in the city of Decatur. The automobile was being driven by one of two negroes, one of whom was the agent or servant of the defendant, his chauffeur; the other negro was not an agent or servant of the defendant; he having been picked up by defendant's chauf-

feur. He was riding in the automobile at the permission of defendant's chauffeur, but not that of defendant's.

Some of the counts upon which the trial was had ascribed the actionable negligence to the defendant's chauffeur in the operation of the car, while others ascribed it to the negligence of the chauffeur in intrusting the operation of the car to the other negro, who was alleged to be a person inexperienced in the operation of automobiles.

The trial was had on the general issues to counts 1, 2, 3, and 4, each attempting to set up the same cause of action, in varying language, substantially as indicated above.

[1] The sufficiency of each count was challenged by demurrer containing various grounds. The demurrers were overruled as to each of these counts; and as to each of these rulings the defendant separately assigns errors on this appeal. The same question of law, however, is raised by each assignment; that is, whether or not the counts sufficiently alleged that the defendant's chauffeur, at the time of the injury, was acting within the scope of his authority or employment. Each of the counts alleged with sufficient certainty that the person to whom the negligence was ascribed was, at the time of the injury, the agent and servant of defendant, to whom the operation of the machine was then and there intrusted. This prima facie shows that he was, at the time of the injury, acting within the scope of his employment. The evidence to establish the relation, or to show that he was, in the very negligent act complained of, acting within the line and scope of his authority, need not be set out. In Herndon's Case, 114 Ala. 214, 21 South. 437, the same question was raised, as applying to the engineer who was in charge and control of defendant's engine; and it was said:

"An engineer, who is in the employment of a railway company and in charge and control of an engine, which he is at the time running over a track of the company, is prima facie in the discharge of his duties as engineer under such employment."

The two cases are not different in principle; the averment in the Herndon Case being:

"And the plaintiff avers that the said engineer was then and there in the employment of the said defendant and in charge and control of said engine."

This much, and more, was averred in each count of this complaint. If there could be said to be any difference as to the requisites of averments when the agency inflicting the injury is a private instead of a public one, it could be replied that the railroad in question, the agency, in Herndon's Case, was a private road, and not a public one.

[2] The counts, we hold, sufficiently showed that the negligent acts complained of were within the scope of the agent or servant's em-

ployment. It is not necessary to allege that the negligent act complained of was in the interest of the master, or that it was in the prosecution of the business of the master. The act may be within the scope of the agent or servant's authority, and yet not be in the interest of the master or in the prosecution of the master's business. This difference has been often pointed out by this court. It was well expounded by Coleman, J., in Wildman's Case, 119 Ala. 570, 571, 24 South. 764, 766, where it was said:

"There is no doubt that the principal is liable for the acts of the agent done in the interest of and in the prosecution of the business of the principal, if acting within the scope of his employment, and there are many decisions to this effect. We are of opinion the terms are not the equivalent of each other. 'Scope,' as here used, signifies the 'extent,' 'sweep,' of his authority, and is not limited to acts done in the 'interest of,' or 'prosecution of the business of the employer.' The words 'interest of,' or 'prosecution of the business of,' naturally would impress the average juror with the idea, that if the act was not done with the purpose or intent to promote the interest of, or in furtherance of, the business of the employer, the employer could not be held liable. Certainly such a rule would restrict the liability of the employer within too narrow a compass. An employé who is given authority to eject trespassers riding upon a train acts within the scope of his authority when he ejects any person from the train, whether the person be of the class designated or not, and whether such acts, strictly speaking, be in the interest of the employer or not. The employer is liable for the willful, tortious acts of his servants, done within the scope and range of their employment, although the particular act was not authorized. Williams v. Hendricks, 115 Ala. 277 [22 South. 439, 41 L. R. A. 650, 67 Am. St. Rep. 32]."

In the case last above cited, it was said: "The rule is well settled, at least in this state, that the master is liable for the willful tortious acts of his servants done within the scope and range of his employment, although the particular act was not authorized by the master. The rule as here declared was at first limited to actions against railroads. Gilliam v. S. & N. A. R. R. Co., 70 Ala. 268. But if sound as to railroads, there seems to be no good reason why it should not apply, under like circumstances, in all cases of respondeat superior, or to a partner acting for and within the scope of the business. Lilley v. Fletcher, 81 Ala. 234 [1 South. 273]; A. G. S. R. R. Co. v. Frazier, 93 Ala. 45 [9 South. 303, 30 Am. St. Rep. 28]; Kansas City, M. & B. R. R. Co. v. Higdon, 94 Ala. 286 [10 South. 282, 14 L. R. A. 515, 33 Am. St. Rep. 119]." 115 Ala. 282, 283, 22 South. 439, 440 (41 L. R. A. 650, 67 Am. St. Rep. 32).

If the master, in such cases, is liable as for the wanton or willful act of his servant, a fortiori is he liable as for acts of simple negligence.

[3] We must not be understood, however, as holding that the owner of an automobile is liable for every injury inflicted by his chauffeur when operating his car. To make him liable, the chauffeur must be his agent at the time of inflicting the injury, and must be acting within the scope of his authority. For example, if a chauffeur should steal out his employer's automobile and use it for the purpose of "joy riding," exclusively for himself and not for the employer, so that the relation of principal and agent for the time does not exist, the employer would not, in such case, be liable for either simple negligence, or wanton or willful wrong, on the part of the chauffeur. To fix liability, the relation of principal and agent, or of master and servant, must exist at the time of the wrong, and the wrongful act, moreover, must be within the scope of the agent or servant's authority. The mere fact, however, that the agent or servant was not given the authority to use the machine, as he was using it in this case, would not exempt the master or principal from liability. Apply the principle to the facts in this case. If the chauffeur in this case, at night, after his day's service had ended—when he was no longer servant or agent of the owner of the machine, had stolen out the machine or taken it without the consent of his master, and was, when he injured this plaintiff, using the automobile wrongfully and for his own exclusive benefit, then the defendant would not be liable; but, on the other hand, if the relation of principal and agent, or master and servant, actually existed at the time of the injury, and the chauffeur was using the automobile for the purpose of bringing the master to his office or to his home, or of returning the machine after so conveying the master, the master would be liable, notwithstanding the servant was so using it at a different time, or on a different street from that directed by the master, or even if the master had expressly directed him to go or come at a different time, or by an entirely different route or road. The wrongful act, in such case, would be within the scope of the servant's authority, although in violation of express instructions. As to strangers, in such cases, the master, as principal, assumes, or is by law impressed with, liability for wrongful acts of his agent or servant, even though they be performed in utter disregard of special and specific instructions.

There was evidence sufficient to carry the case to the jury under any one of the first four counts, and hence there was no error in declining the defendant's request for the affirmative instruction as to any one of these counts.

[4-12] The defendant interposed a special plea to each count of the complaint, which, in substance, alleged that the plaintiff, at the time of the injury, was violating a municipal ordinance, and that this fact proximately contributed to his injury. A demurrer was interposed and sustained to this special plea of contributory negligence, and this ruling is insisted upon as error to reverse. Pleas must be read and construed, of course, in connection with the complaint or the counts which they profess to answer. So reading and construing this plea, it was insufficient as a plea of contributory negligence in this case. The complaint alleged, and the

special plea, of course, confessed, that plaintiff was 'a minor under 14 years of age, and was therefore prima facie not capable of being guilty of contributory negligence, or, in other words, that the law did not prima facie hold him responsible for his acts of mere negligence as it does an adult, even though these acts did contribute to his injury. This is not a conclusive presumption, however, when the infant is over 7 years of age; it may then be rebutted by alleging and proving facts to show that his acts complained of were negligent, notwithstanding he was under 14 years of age, but a plea, in such case, to be sufficient, must allege the facts necessary to be proven, in order for the law to fix responsibility upon the minor in such cases. An infant may be guilty of negligence, and, if it proximately contribute to its injury, it bars a recovery by the infant in the same manner and to the same extent that contributory negligence of an adult bars an action by the latter; but the difficulty arises in determining when, and under what circumstances, is an infant guilty of contributory negligence. That which will be contributory negligence on the part of an adult may be proper care on the part of an infant. That which will be negligence on the part of one infant may be proper care on the part of another, depending upon the age, discretion, intelligence, experience, etc., of the infant. A child of tender years has capacity to exercise only such care and self-restraint as belongs to childhood. Reasonable men are presumed to know this, and must govern themselves accordingly. The caution and care required of others toward the infant are measured by the age, the maturity, the capacity, and the intelligence of the child. Birmingham & A. R. Co. v. Mattison, 166 Ala. 608, 609, 52 South. 49. A child too young to exercise any care or discretion is clearly as incapable of negligence as it is of crime or sin, and is therefore not answerable to the doctrine of contributory negligence. There are ages so young (usually under 7) that there is a conclusive presumption of law, and hence evidence is not admissible to refute the presumption. Id., 166 Ala. 609, 52 South. 49.

Where an action is brought by an infant under 7 to recover damages for personal injuries inflicted upon it, contributory negligence of the infant, nor that of the parent, is not available as a defense to the action. A. G. S. R. R. Co. v. Burgess, 116 Ala. 515, 22 South. 913; Brawley's Case, 83 Ala. 371, 3 South. 555, 3 Am. St. Rep. 751; Hanlon's Case, 53 Ala. 70; Crenshaw's Case, 65 Ala. 566. See A. G. S. R. R. Co. v. Dobbs, 101 Ala. 219, 12 South. 770.

But where an action is brought by the parent to recover pecuniary compensation for the death or injury of the infant, contributory negligence of the parent will defeat such recovery. Williams' Case, 91 Ala. 635, 9 South. 77; Dobbs' Case, supra; Burgess' Case, supra.

An infant under 2 years of age is, as matter of law, incapable of being guilty of contributory negligence. Georgia Pac. R. Co. v. Blanton, 84 Ala. 154, 4 South. 621; Alabama G. S. R. Co. v. Burgess, 116 Ala. 515, 22 South. 913.

Between the ages of 7 and 14 a child is prima facie incapable of exercising judgment and discretion, but evidence may be received to show capacity. Iron Co. v. Brawley, 83 Ala. 371, 3 South. 555, 3 Am. St. Rep. 751; Lovell v. Iron Co., 90 Ala. 15, 7 South. 756; Jefferson v. Electric Co., 116 Ala. 299, 22 South. 546, 38 L. R. A. 458, 67 Am. St. Rep. 116; Tutwiler v. Enslen, 129 Ala. 336, 30 South. 600. See Jefferson v. Birmingham Electric Co., 116 Ala. 299, 22 South. 546, 38 L. R. A. 458, 67 Am. St. Rep. 116.

The fact that an infant is shown to be bright, smart, and industrious is not sufficient to overcome the presumption of want of discretion. Tutwiler v. Enslen, 129 Ala. 336, 30 South. 600; Railway Co. v. Marcus, 115 Ala. 395, 22 South. 135.

In order, therefore, for a plea of contributory negligence to be sufficient, in an action by an infant between 7 and 14 years of age, it should allege the facts which would be necessary to prove responsibility of the infant for its alleged careless or negligent acts. The facts necessary to fix responsibility should be alleged, and thus made an issue, so that the plaintiff would be informed and have an opportunity to meet or rebut the proof which the defendant would have to introduce to establish the necessary facts.

What we have said answers to show that there was no error in any of the rulings as insisted upon in brief, though each is not treated separately.

No error appearing, the judgment appealed from must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.