## SOUTHEASTERN EXPRESS CO. v. KENDRICK.

(Circuit Court of Appeals, Fifth Circuit. November 5, 1924.)

No. 4428.

1. **Malicious prosecution ⊜64(1) — Evidence held to warrant finding prosecution was instigated by defendant's agents.**

Evidence *held* sufficient to warrant finding that prosecution for unlawful possession of narcotics, in violation of Harrison Narcotic Law (Comp. St. §§ 6287g–6287q), was instigated by defendant's agents.

2. **Malicious prosecution ⊜42—That plaintiff was charged with unlawful possession of narcotics did not relieve defendant, whose agents caused arrest for larceny of narcotics.**

Where express company's agent caused arrest of employee for larceny of narcotics, express company was not relieved of liability for malicious prosecution because formal charge on which employee was prosecuted was unlawful possession of narcotics.

3. **Malicious prosecution ⊜42—Principal liable for agent's acts within scope of employment, regardless of whether particular act authorized.**

Test of express company's liability for causing arrest of employee for larceny of narcotics is not whether agent was acting in company's interest, but whether he was acting within scope of employment, and where he was so acting it was immaterial that particular act was not authorized.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action by Thomas L. Kendrick against the Southeastern Express Company. Judgment for plaintiff, and defendant brings error. Affirmed.

R. H. Scrivner, of Birmingham, Ala. (Stokely, Scrivner, Dominick & Smith, of Birmingham, Ala., on the brief), for plaintiff in error.

H. M. Abercrombie, of Birmingham, Ala., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and ESTES, District Judge.

BRYAN, Circuit Judge. This is an action of malicious prosecution, in which the plaintiff below recovered a verdict and judgment for $750. On this writ of error the defendant complains of the failure of the court at the close of the evidence to direct a verdict in its favor, on the grounds that there was no proof that it caused the arrest and prosecution of the plaintiff, and that the prosecution, even if instigated by defendant's agent, was not in its interest, and therefore not within the scope of the agent's employment.

[1] On August 5, 1922, one C. M. Butler, narcotic agent at Birmingham, made an affidavit before a United States commissioner, charging that the plaintiff, on or about June 25, 1922, unlawfully had in his possession at Birmingham certain narcotics, in violation of the Harrison Narcotic Law. 38 Stat. 785 (Comp. St. §§ 6287g–6287q). This affidavit contained the allegation that the affiant had reason to believe that one F. B. Pond was a material witness. On the same day that the affidavit was made a warrant was issued by the United States commissioner, and the plaintiff was subsequently tried for the unlawful possession of narcotics, and acquitted. The plaintiff at the time of his arrest had been employed by the defendant as express messenger between Atlanta and Birmingham. He testified in his own behalf that, some time before he was arrested, the assistant superintendent, Mr. Roper, told him that there had been a robbery of narcotics which had been shipped from Baltimore to New Orleans, that the plaintiff was under suspicion, and that the company was going to find out who took the narcotics; that the day before he was arrested F. B. Pond, defendant's special agent or detective, accused him of the larceny of the narcotics, wrote out a confession for him to sign, and demanded to be allowed to take finger prints; that the plaintiff declined to sign the confession, or to allow finger prints to be taken, and that thereupon Pond stated that he would have him (the plaintiff) arrested within 24 hours; that on the morning of the day he was arrested Mr. York, the division superintendent, requested him to be at the terminal station in Birmingham about 2:30 or 3 o'clock that afternoon for an interview with reference to the larceny of the narcotics; that the plaintiff agreed, and went to the station as requested; that Mr. York was not there, but that he was met by a deputy United States marshal and police officers, who arrested him.

Neither Roper nor Pond denied the statements attributed to them by the plaintiff. Mr. York stated that he did not agree to meet the plaintiff at the station, but instructed him to be there to resume his duties as express messenger. No attempt was made by the defendant to prove that the plaintiff was guilty of the larceny of the narcotics. The testimony in its behalf was limited to an effort to show that none of its officers or agents had anything to do with the charge of unlawful possession upon which the plaintiff was arrested and prosecuted, and that the narcotic agent proceeded on his own initiative and made the

affidavit upon the advice of the assistant United States attorney. However, Butler, the narcotic inspector who made the affidavit, admitted on cross-examination that Pond, the defendant's special agent, gave him some of the information on which he acted.

From this evidence we think the jury was authorized to draw the inference that the prosecution of the plaintiff was instigated either by Pond, the special agent, or by York, the division superintendent. According to the undisputed evidence, Pond threatened to have the plaintiff arrested, and had given information concerning the charge to the narcotic inspector. Besides, the jury could properly infer that York's purpose was to have the plaintiff at the station, so that the officers would have no difficulty in identifying him and making the arrest.

[2, 3] It is conceded that the defendant would have been liable if either the division superintendent or the special agent caused the arrest upon the charge of larceny of narcotics. The fact that the formal charge upon which the plaintiff was prosecuted was that of the unlawful possession of narcotics does not relieve the defendant of liability. The test is, not whether the agent was acting in the interest of the company, but whether his acts were within the scope of his employment. It was within the scope of employment of defendant's agents to cause the arrest to be made, and it makes no difference whether the particular act complained of was or was not authorized by the defendant. Southern Railway Co. v. Wildman, 119 Ala. 565, 24 So. 764; Jones v. Strickland, 201 Ala. 138, 77 So. 562; 18 R. C. L. 795.

The conclusion is that the trial court did not err in refusing to direct a verdict for the defendant.

The judgment is affirmed.